**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3200-15T2

BANK OF AMERICA, NA,

    Plaintiff-Respondent,

v.

TRESSA M. BRIDGES, MR.
BRIDGES, husband of
TRESSA M. BRIDGES, JARVIS
B. BRIDGES,

    Defendants-Appellants.

_____

Argued May 8, 2018 — Decided June 25, 2018

Before Judges Reisner, Hoffman and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-018541-14.

Tressa M. Bridges, appellant, argued the cause pro se.

Jason R. Lipkin argued the cause for respondent (Winston & Strawn, LLP, attorneys; Jason R. Lipkin, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant

Tressa M. Bridges (defendant) appeals from the Chancery Division's

March 10, 2016 final judgment of foreclosure and from two earlier orders: a June 1, 2015 order granting summary judgment to plaintiff Bank of America, N.A. (BANA), and an August 31, 2015 order denying defendant's motion for reconsideration. Defendant's primary argument throughout the litigation and now on appeal is that BANA is not the holder of the note and therefore lacks standing to foreclose, and that BANA failed to comply with N.J.S.A. 2A:50-5 — the notice provisions of the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -73. We disagree and affirm.

On June 27, 2007, defendant's now ex-husband, defendant Jarvis B. Bridges (Jarvis),[1] borrowed $246,905 from Atlantic Coast Mortgage Services, Inc. (Atlantic) and executed a note evidencing the indebtedness. The same day, Jarvis and defendant executed a thirty-year purchase money mortgage in favor of Mortgage Electronic Registrations Systems, Inc. (MERS) as nominee for Atlantic, encumbering the Galloway Township home Jarvis purchased. The note provided for monthly payments of $1580.96.

In October 2010, the loan went into default. On January 27, 2011, MERS assigned the subject mortgage to BAC Home Loan Servicing, LP (BAC); effective July 1, 2011, BANA became the

---

[1] For clarity, and intending no disrespect, we refer to this defendant as Jarvis. In January 2013, Jarvis conveyed title to the subject property to defendant.

successor to BAC by de jure merger. The county clerk of Atlantic County recorded the assignment on July 28, 2011.

On June 3, 2013, plaintiff sent Jarvis a notice of intention to foreclose (NOI) by certified and regular mail, as required by N.J.S.A. 2A:50-56. The NOI stated "[i]f the default is not cured on or before July 13, 2013, the mortgage payments will be accelerated and [the lender] may take steps to terminate your ownership interest in the property by commencing a foreclosure suit in a court of competent jurisdiction." The NOI further advised of "the right to cure the default, in other words, the amount required to bring the loan current" within forty days.

After defendants failed to cure the default, BANA filed a foreclosure complaint in May 2014. Defendant filed a contesting answer and asserted a counterclaim alleging consumer fraud. On October 24, 2014, the trial court dismissed the counterclaim with prejudice.

In March 2015, BANA filed a motion for summary judgment, which the trial court initially granted on May 4, 2015. The court vacated that order to allow defendant to present oral argument, which the court heard over two days, on May 15 and 22, 2015.

On June 1, 2015, the trial court again granted summary judgment in favor of plaintiff and issued a written opinion setting forth its findings and conclusions. The court "deemed" the matter

"un-contested," citing defendant's answer as containing "general denials with bald unsupported allegations of misrepresentations and fraud," and stating "[a] majority of the documents attached to [d]efendant's opposition . . . are impermissible hearsay and not competent evidence to contradict [p]laintiff's motion." The judge also found plaintiff had a prima facie right to foreclose, as the mortgage and loan document are valid, the mortgage loan was in default, and plaintiff has "a contractual right to resort to the mortgaged premises in satisfaction of the debt."

Defendant then filed a motion for reconsideration and two objections to the trial court's rulings. The trial court denied the motion for reconsideration. After denying two subsequent motions challenging the trial court's decisions, the court entered final judgment in favor of plaintiff on March 10, 2016, ordering "the mortgaged premises be sold" to satisfy the amount owed to plaintiff, $353,997.67. This appeal followed.

On appeal defendant claims BANA is not the holder of the note and therefore lacks standing to foreclose. Defendant also claims the NOI failed to comply with the FFA.

These arguments lack merit, as the undisputed evidence established BANA acquired the note prior to the service of the NOI and remained in possession of the note throughout the proceedings. BANA established with legally competent proofs and certifications

4                                    A-3200-15T2

the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to resort to the mortgaged premises. Defendant failed to present legally competent evidence to support any of her allegations.

We have considered defendant's arguments in light of our review of the record and the applicable legal principles. We find her arguments lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons expressed by the trial court in its cogent oral and written decisions. We only reiterate that defendant did not establish any defense to the validity of the mortgage, the amount owed, or plaintiff's right to seek and obtain foreclosure. See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994) ("The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to resort to the mortgaged premises.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION