**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5319-16T1

DITECH FINANCIAL, LLC,

    Plaintiff-Respondent,

v.

ANWAR I. CRAWFORD,

    Defendant-Appellant,

and

MRS. ANWAR I. CRAWFORD and
NANCY MESZAROS,

    Defendants.

_____

Submitted May 31, 2018 — Decided July 11, 2018

Before Judges Nugent and Currier.

On appeal from Superior Court of New Jersey,
Chancery Division, Mercer County, Docket No.
F-026785-13.

Anwar Crawford, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys
for respondent (Brian J. Yoder, on the brief).

PER CURIAM

In this foreclosure action, defendant Anwar Crawford[1] appeals the June 29, 2017 order of final judgment. After a review of the contentions in light of the record and applicable principles of law, we affirm.

On July 18, 2007, defendant executed a promissory note to Homecomings Financial, LLC for $132,000. To secure the note, defendant executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Homecomings, its successors and assigns on the same day. The mortgage was recorded on August 1, 2007.

On July 26, 2012, the mortgage was assigned to GMAC Mortgage, LLC. The assignment was recorded on July 31, 2012. The mortgage was assigned to Green Tree Servicing, LLC (Green Tree) on June 12, 2013, and recorded that same day.[2]

After defendant defaulted on the loan in March 2012, Green Tree filed a complaint for foreclosure in July 2013. As defendant's answer denied the allegations in the complaint, the matter was listed as contested. The trial judge conducted several

---

[1] The judgement at issue is only against Anwar Crawford, therefore, we refer to him as defendant.

[2] In August 2015, Green Tree merged with, and changed its name to, Ditech Financial, LLC. Plaintiff's motion to substitute Ditech Financial LLC in the place of Green Tree was granted in February 2016.

A-5319-16T1

case management conferences and heard, and denied, defendant's motion to dismiss the complaint for failure to produce discovery.

At trial, Green Tree's witness produced and authenticated copies of the note and recorded mortgage, the recorded assignments of the mortgage, the loan payment history, notices of intent to foreclose, and certified mail tracking results. The witness testified he was employed by Green Tree as the Real Estate Owned (REO) Manager "in charge of repossessing, reselling, [and] remarketing . . . foreclosed properties" and worked "in conjunction with the collection department, the foreclosure department[,] and the legal department." The witness further testified he was familiar with how Green Tree's business records were created and maintained. Finally, the witness confirmed the note produced was a "true, correct copy of the promissory note held by Green Tree."

Defendant declined to call any witnesses, or testify himself, and did not seek to admit any evidence. In an oral decision issued December 9, 2014, the trial judge found Green Tree's witness credible and determined Green Tree demonstrated a prima facie right to foreclose. He stated:

> Based upon [the] evidence[,] the [c]ourt finds [Green Tree] has established a right to foreclose by clearly demonstrating the execution and recording of the mortgage and defendant's default. The note was endorsed in blank, the note, ultimately, ended up in the possession [of] Green Tree Servicing. The

3

> mortgage was assigned and, again, ultimately end[ed] up in the ownership of . . . Green Tree Servicing. And there's nothing to indicate that either the note [or] mortgage were not properly possessed and owned by Green Tree.

As a result of his findings, the court deemed the matter uncontested and referred the case to the Office of Foreclosure on December 30, 2014.

Defendant's objection to the proposed final judgment was denied and the court entered a final judgment of foreclosure on June 29, 2017. Defendant appealed, arguing Green Tree and plaintiff were not the holders of the note or mortgage and had no standing to foreclose. We disagree.

Defenses to a foreclosure are narrow and limited; the only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 547 (App. Div. 1994). To have a right to foreclose, or standing, "a party . . . must own or control the underlying debt." Bank of N.Y. v. Raftogianis, 418 N.J Super. 323, 327-28 (Ch. Div. 2010). Standing is established "either [by] possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v.

Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222-23 (App. Div. 2011)); see also Capital One, N.A. v. James Peck, IV, ___ N.J. Super. ___ (App. Div. 2018) (slip op. at 6).

Here, the trial judge found Green Tree presented true copies of the note and mortgage and was in possession of the documents prior to the filing of the complaint. Green Tree, therefore, has satisfied all of the necessary requirements for the entry of a final judgment. Accordingly, the final judgment was properly entered.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5319-16T1