**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0270-17T2

US BANK NATIONAL
ASSOCIATION, not in its
individual capacity, but soley
as trustee for THE RMAC
TRUST, SERIES 2016-CTT,

      Plaintiff-Respondent,

v.

SANDRA LOPAZ,

      Defendant-Appellant,

and

MR. LOPAZ, Unknown
Spouse of Sandra Lopez,
CAPITOL ONE BANK U.S.
NA, US EQUITIES CORP, and
STATE OF NEW JERSEY.

      Defendants.

_____

Submitted October 16, 2018 – Decided  October 25, 2018

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-001020-16.

Law Offices of David J. Khawam, LLC, attorneys for appellants (David J. Khawam, on the brief).

Stern & Eisenberg, PC, attorneys for respondent (Salvatore Carollo, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Sandra Lopaz (appellant) appeals from the Chancery Division's order granting summary judgment to the predecessor of plaintiff US Bank National Association, as trustee for RMAC Trust, Series 2016-CTT (US Bank). We conclude the trial court properly rejected appellant's arguments that the original plaintiff,[1] UMB Bank, National Association, as trustee of MART Legal Title Trust 2015-NPL1 (UMB), lacked standing to foreclose, failed to show it was a holder in due course, and was subject to certain defenses as a holder in due course. We affirm.

On November 13, 2008, appellant executed a note in the amount of $154,660 in favor of Freedom Mortgage Corporation (Freedom). On the same date, appellant provided security for the loan by executing a mortgage on her

---

[1] After the entry of the summary judgement order under review, the court entered an order permitting US Bank to substitute for UMB as plaintiff.

home in Cinnaminson in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as a nominee for Freedom.

In November 2010, appellant signed a loan modification agreement, which reduced the loan's interest rate and extended its maturity date; at that time, appellant's unpaid principal balance was $170,665.13. Appellant failed to make any payments under this agreement and the loan went into default on January 1, 2011. In December 2014, the loan servicer notified appellant of its intention to foreclose on the property based on appellant's failure to make the required mortgage payments.

Appellant's mortgage was assigned several times to different lenders before UMB received its assignment in October 2015. UMB filed its foreclosure complaint in January 2016. Appellant filed an answer asserting several affirmative defenses, including fraud and lack of standing. Following discovery, UMB moved for summary judgment, which the trial court granted. The court entered a final judgment of foreclosure in August 2017.

Appellant raises three main arguments: 1) UMB lacked standing to foreclose; 2) the holder in due course doctrine did not bar appellant's affirmative defenses and counterclaims; and 3) equitable remedies support vacating the judgment. We consider these arguments de novo in a light most favorable to

appellant as the non-moving party.  R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

To obtain relief in a mortgage foreclosure action, the mortgagee (or its successor in interest) must establish 1) the mortgage and loan documents are valid; 2) the mortgage loan is in default; and 3) it has a contractual right to foreclose in light of the default.  See, e.g., Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). The mortgagee has the right to insist upon strict observance of the obligations contractually owed to it, including timely payment.  Kaminski v. London Pub, Inc., 123 N.J. Super. 112, 116 (App. Div. 1973).

Often, as here, a disputed issue in mortgage foreclosure actions concerns whether the plaintiff has standing to file suit.  In general, three parties have standing to enforce negotiable instruments such as mortgages and promissory notes: 1) the holder of the instrument;  2) a nonholder in possession of the instrument who has the rights of a holder; and 3) a person not in possession of the instrument who is entitled to enforce the instrument.  See N.J.S.A. 12A:3-301.

We have construed these principles to confer standing on a mortgage foreclosure plaintiff who establishes "either possession of the note or an

assignment of the mortgage that predated the original complaint . . . . " <u>Deutsche Bank Tr. Co. v. Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing <u>Deutsche Bank Nat'l Tr. Co. v. Mitchell</u>, 422 N.J. Super. 214, 216, 225 (App. Div. 2011)).

UMB verified possession of the original note. Further, the assignment of the mortgage to UMB predated UMB's filing of the original complaint spawning this foreclosure action. The trial court therefore found UMB possessed the original note and mortgage due to a clear chain of mortgage assignments and the fact that the note was indorsed in blank and followed the mortgage. Nothing in the record contradicts the trial judge's findings.

Appellant argues the mortgage was obtained fraudulently and illegally, alleging an improper indorsement, thus rendering the subsequent assignment to UMB null and void. A "transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument." N.J.S.A. 12A:3-203(b).

A person, other than the issuer, becomes the holder of an instrument through negotiation – a transfer of possession of the instrument. N.J.S.A. 12A:3-201(a). Negotiation depends on indorsement. <u>See</u> N.J.S.A. 12A:3-201(b); N.J.S.A. 12A:3-205. A "special indorsement" is made by the holder of

the instrument and identifies a person to make the instrument payable. N.J.S.A. 12A:3-205(a). In the instance of a special indorsement, "negotiation requires transfer of possession of the instrument and its indorsement by the holder." N.J.S.A. 12A:3-201(b); see also N.J.S.A. 12A:3-205(a).

However, if the holder indorses the instrument and does not create a special indorsement, the holder creates a "blank indorsement" – the instrument becomes payable to the bearer and may be negotiated simply by transfer of possession. N.J.S.A. 12A:3-201(b); N.J.S.A. 12A:3-205(b). Here, after appellant signed the note, Freedom indorsed the note; however, the indorsement did not identify any person or entity as assignee, thus creating a blank indorsement. Therefore, negotiation occurred with transfer of the note and conferred standing to UMB to enforce the note. UMB received the note at the end of a chain of assignments tracing back to Freedom. Thus, UMB had standing to foreclose.

Appellant argues the holder in due course doctrine does not bar her affirmative defenses and counterclaims, such as fraudulent inducement and predatory lending by the original lender in 2008. A holder in due course is one who takes an authentic instrument for value, in good faith, without notice of any defense or claim against it. N.J.S.A. 12A:3-302(a). Here, the record supports

6

that UMB and US Bank constitute holders in due course. After receiving assignment of the note and mortgage, UMB recorded the mortgage assignment on October 21, 2015, three months before it filed its foreclosure complaint. Nothing in the record suggests bad faith on part of UMB or US Bank, or that either entity had knowledge of appellant's alleged defenses relating to the origination of the loan.

A holder in due course is not subject to personal defenses of the obligor. See N.J.S.A. 12A:3-305. Thus, "fraud in the inducement" cannot be used against a holder in due course because it is a personal defense in contract where the signer of a note knows they are signing a negotiable instrument, but under deceptive circumstances. See N.J. Mortg. & Inv. Co. v. Dorsey, 60 N.J. Super. 299, 302 (App. Div. 1960). Therefore, UMB, as a holder in due course, and US Bank, as UMB's assignee, are not subject to the defenses asserted by the appellant in her answer and counterclaims.

Appellant additionally asserts claims under the Truth-in-Lending Act and Rules 4:50-1(e) and (f). Because appellant did not assert these arguments at the trial level, we consider them waived. State v. Robinson, 200 N.J. 1, 20-22 (2009). Any arguments not specifically addressed lack sufficient merit to warrant comment in a written opinion. R. 2:11-1(e)(1)(E).

7

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0270-17T2