**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5418-15T3

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

ATO H. SPARKMAN, and
MRS. ATO SPARKMAN,
his wife,

    Defendants-Appellants.

_____

Submitted November 5, 2018 – Decided  November 21, 2018

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-002379-12.

Ato H. Sparkman, appellant pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this residential foreclosure case, Ato H. Sparkman (defendant) appeals from a June 28, 2016 foreclosure final judgment entered in favor of Wells Fargo Bank, N.A. The court issued this judgment after Wells Fargo obtained partial summary judgment. Defendant maintains that the court erred by granting summary judgment because Wells Fargo lacked standing to foreclose on the property. We affirm.

In 2007, defendant obtained a loan from Wells Fargo, secured by a mortgage on his property. In 2011, defendant stopped making his mortgage payments and defaulted on the loan. In 2012, Wells Fargo filed this foreclosure complaint.

On appeal, defendant argues generally that Wells Fargo proceeded with unclean hands, and that the judge made erroneous discovery and evidentiary rulings. But the crux of his contentions is that only Fannie Mae, as an investor, had authority to foreclose, not Wells Fargo. We conclude that defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following remarks.

We reject defendant's contention that because Fannie Mae, not Wells Fargo, is an investor in the loan, Fannie Mae is the only party with proper standing to foreclose. Ownership and the right to enforce an instrument are

different.  See N.J. Commercial Transactions Annotated, cmt. 1 on N.J.S.A. 12A:3-203 (stating that "[t]he right to enforce an instrument and ownership of the instrument are two different concepts").  Additionally, N.J.S.A. 12A:3-301 states, "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

In general, "[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994).  The validity of the mortgage and the amount of the indebtedness are undisputed.

As to the right of the mortgagee to resort to the mortgaged premises, we have said that, "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).  If a plaintiff cannot establish that it owned or controlled the underlying debt at the time the complaint is filed, it "lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Wells Fargo Bank, N.A. v. Ford, 418 N.J.

Super. 592, 597 (App. Div. 2011). "If a debt is evidenced by a negotiable instrument, such as the note executed by [a] defendant," whether a plaintiff has established ownership or control over the note "is governed by Article III of the Uniform Commercial Code (UCC), N.J.S.A. 12A:3-101 to -605, in particular N.J.S.A. 12A:3-301." Ibid.

There are "three categories of persons entitled to enforce negotiable instruments" as described in N.J.S.A. 12A:3-301. Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 223 (App. Div. 2011). N.J.S.A. 12A:3-301 provides:

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [N.J.S.A.] 12A:3-309 or subsection d. of [N.J.S.A.] 12A:3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

On this record, we conclude that there are no disputed genuine issues of fact and that Wells Fargo had standing to file the complaint. N.J.S.A. 46:18-13(a) states that "[o]nly the established holder of a mortgage shall take action to foreclose a mortgage." An entity is the "established holder of a mortgage" if that entity is "the record holder of the mortgage as established by the latest

record of assignment or by the original mortgage recording in the records of the county clerk or the register of deeds and mortgages, as appropriate to the county in which the mortgaged property is located"; or the entity is "found to be the holder of the mortgage in a civil action joining as defendants the record holder of the mortgage, the mortgagor, and any other person known to have an interest in the mortgage." N.J.S.A. 46:18-13(b). Prior to the filing of the complaint, Wells Fargo, as the originator of the loan, was the recorded mortgagee.

Moreover, a vice president for Wells Fargo certified that Wells Fargo "was in physical possession of the [n]ote on February 8, 2012, the date the [c]omplaint for [f]oreclosure was filed, and prior thereto." According to N.J.S.A. 46:18-13(b)(2), Wells Fargo was an "established holder." Yet even if Wells Fargo did not have possession of the note – as defendant unconvincingly contends – Wells Fargo still had standing to file the foreclosure complaint because under N.J.S.A. 46:18-13(b)(1), it was the record holder from the original recorded mortgage.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5418-15T3