**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0256-17T2

HSBC BANK USA, NA,
as trustee for NOMURA ASSET
ACCEPTANCE CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-AF2,

      Plaintiff-Respondent,

v.

DORIS ODOEMENE and
EMMANUEL ODOEMENE,

      Defendants-Appellants,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., as a nominee for ALTERNA
MORTGAGE CO., its successors
and assigns, and STATE OF NEW
JERSEY,

      Defendants.

_____

Submitted November 1, 2018 – Decided March 11, 2019

Before Judges Whipple and DeAlmeida.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-006184-08.

Doris Odoemene and Emmanuel Odoemene, appellants pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel; Brian P. Matthews, on the brief).

PER CURIAM

Defendants Doris Odoemene and Emmanuel Odoemene appeal from several orders of the Chancery Division, including an August 1, 2017 final judgment of foreclosure. We affirm.

I.

On March 16, 2006, Doris[1] executed a promissory note to Alterna Mortgage Co. (Alterna) in the amount of $508,000. On the same day, to secure the note Doris executed a mortgage encumbering property in Newark to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Alterna. The mortgage was recorded on March 23, 2006.

---

[1] Because defendants share a last name, we refer to them by their first names. No disrespect is intended.

A-0256-17T2

On July 28, 2006, plaintiff HSBC Bank USA, NA, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass Through Certificates Series 2006-AF2 (HSBC) acquired the note and mortgage in a transaction involving more than 1500 loans. The note is endorsed in blank. A written assignment of the mortgage to HSBC was not executed at that time.

Doris defaulted on the note on November 1, 2007. On February 14, 2008, HSBC filed a foreclosure complaint in the Chancery Division. A month later, on March 10, 2008, MERS, as nominee for Alterna, executed a written assignment of the mortgage to HSBC. Defendants filed an answer on March 24, 2008, contesting HSBC's standing to file the complaint. The assignment of the mortgage to HSBC was recorded on April 4, 2008. An April 20, 2009 corrective assignment of mortgage addressing a "court inquiry regarding the notarization" of the original assignment was recorded on May 4, 2009.

On August 17, 2009, HSBC filed a motion for summary judgment striking the answer. In support of the motion, HSBC filed a statement of undisputed material facts detailing the history of the mortgage, and certifications from authorized representatives of America's Servicing Company, the loan servicer for HSBC. The certifications stated that as of April 2009, Doris owed $604,557.83 on the note and mortgage, and recounted HSBC's acquisition of the

A-0256-17T2

note and mortgage on July 28, 2006. Defendants opposed the motion and cross-moved to dismiss the complaint. They argued that HSBC lacked standing to file the complaint and issued a notice of intent to foreclose that did not comply with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -73. In addition, they argued that HSBC's counsel violated attorney ethics rules by alleging in the complaint that the mortgage had been assigned to HSBC.

On January 26, 2011, the trial court granted HSBC's motion for summary judgment, struck defendants' answer, and entered default against them. The court also denied defendants' cross-motion. In its detailed written opinion, the trial court held that although the written assignment of the mortgage to HSBC was not executed until after the filing of the foreclosure complaint, HSBC obtained an interest in and possession of the note in the July 2006 transaction, giving it standing to file the complaint. In reaching this conclusion, the court relied on a July 1, 2006 Pooling and Servicing Agreement listing defendants' note as an asset transferred to HSBC in the later transaction.

The court also concluded that the notice of intent to foreclose served on defendants by HSBC was valid because the FFA applies only to foreclosures on residential properties, Cho Hung Bank v. Kim, 361 N.J. Super. 331, 343 (App. Div. 2003), and defendants conceded that the mortgage concerns an investment

4

property. Finally, the court concluded that in light of its decision regarding HSBC's interest in the note, the bank's attorneys did not violate ethics rules by alleging in the complaint that the mortgage had been assigned to the bank. The court also denied defendants' motion to dismiss the complaint. On April 19, 2011, the trial court denied defendants' motion for reconsideration.

The complaint was thereafter dismissed for lack of prosecution. On November 21, 2014, the trial court entered an order reinstating the complaint.

On June 3, 2016, HSBC moved for final judgment of foreclosure. In support of the motion, the bank submitted a certification of an employee of the entity servicing the note detailing the amount due and owing on the note. Defendants opposed the motion and cross-moved to dismiss the complaint.

On January 23, 2017, the trial court denied defendants' cross-motion and their objections to the final judgment. The court concluded that defendants failed to produce any evidence supporting their claim that HSBC's representation of the amount due and owing on the note was incorrect.

On April 6, 2017, HSBC renewed its motion for final judgment to update the certification of the amount due on the note. Defendants opposed entry of final judgment and contested the amount due.

A-0256-17T2

On July 21, 2017, the trial court denied defendants' objection to the amount due, concluding that they produced no credible evidence in support of their position. The court, instead, adopted the representations made in a certification filed by HSBC. On August 1, 2017, the trial court entered a final judgment of foreclosure.

This appeal followed. Defendants appeal from the January 26, 2011, January 23, 2017, and July 21, 2017 orders, as well as the August 1, 2017 final judgment of foreclosure.[2]

## II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant

---

[2] In their notice of appeal, defendants list the May 12, 2015, October 9, 2015, and February 4, 2016 orders of the trial court extending the time for HSBC to file a motion for entry of final judgment, the April 19, 2011 order denying their motion for reconsideration, and the November 21, 2014 order reinstating the complaint. Because defendants make no substantive arguments with respect to these orders we consider their appeal from these orders waived. "[A]n issue not briefed is deemed waived." Pressler and Verneiro, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019); Telebright Corp. v. Dir., Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to <u>any</u> fact in dispute.'"  <u>Prudential</u>, 307 N.J. Super. at 167 (quotations omitted).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact.  <u>Miller v. Bank of Am. Home Loan Servicing, LP</u>, 439 N.J. Super. 540, 551 (App. Div. 2015).  "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'"  <u>Hoffman v. Asseenontv.Com, Inc.</u>, 404 N.J. Super. 415, 426 (App. Div. 2009) (citations omitted).  We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment."  <u>Brill v. Guardian Life Ins. Co.</u>, 142 N.J. 520, 523-24 (1995).

Defenses to a foreclosure are narrow.  "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the

A-0256-17T2

indebtedness, and the right of the mortgagee to" foreclose on the property. <u>Great Falls Bank v. Pardo</u>, 263 N.J. Super. 388, 394 (Ch. Div. 1993), <u>aff'd</u>, 273 N.J. Super. 542, 547 (App. Div. 1994).

In the trial court, defendants challenged both the amount of indebtedness on their note and HSBC's standing to foreclose. They reiterate those arguments on appeal. Having carefully reviewed defendants' arguments in light of the record and applicable legal principles, we conclude that there is ample evidence supporting the trial court's findings of fact and conclusions of law rejecting defendants' arguments.

To have a right to foreclose "a party . . . must own or control the underlying debt." <u>Bank of N.Y. v. Raftogianis</u>, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010). Standing is established by "either possession of the note or an assignment of the mortgage that predated the original complaint[.]" <u>Deutsche Bank Tr. Co. Ams. v. Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012). A certification from a representative of HSBC's loan servicing entity supports the trial court's finding that HSBC obtained its interest in and possession of the note in July 2006, prior to the filing of the foreclosure complaint. That certification was completed by a person familiar with business records memorializing the transfer and the details of the note. Defendants offered no credible evidence

A-0256-17T2

that the business records on which the certification was based were unreliable or incorrect, or that HSBC did not possess the note on the day the complaint was filed.

We reach the same conclusion with respect to the trial court's findings regarding the amount due and owing on the note. HSBC submitted certifications based on business records detailing defendants' outstanding debt. Defendants produced no specific or convincing evidence challenging the amounts proffered by HSBC. Nor did defendants establish that they made a single payment on their debt after the November 2007 default. The trial court's findings are amply supported by the record.

To the extent we have not specifically addressed any of defendants' remaining claims, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION