**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2384-17T4

JPMORGAN CHASE BANK, N.A.,

    Plaintiff-Respondent,

v.

TANYA C. BRYANT,

    Defendant-Appellant.

_____

        Submitted March 5, 2019 – Decided April 16, 2019

        Before Judges Fisher and Hoffman.

        On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-022473-16.

        Tanya C. Bryant, appellant pro se.

        McCalla Raymer Leibert Pierce, LLC, attorneys for respondent (Brian P. Scibetta, on the brief).

PER CURIAM

    In this residential mortgage foreclosure action, defendant Tanya C. Bryant

appeals from the final judgment of foreclosure, and orders granting summary

judgment, denying reconsideration of summary judgment, and denying her motion to fix the amount due. We affirm.

Defendant borrowed $260,200 from plaintiff in January 2013. Defendant signed a note in the amount of the loan, and also a mortgage on residential property located in East Orange, as security for the loan. Defendant defaulted on her payment obligations on March 1, 2016.

On June 7, 2016, plaintiff sent defendant a notice of intent to foreclose by certified and regular mail as required by N.J.S.A. 2A:50-56, providing defendant the opportunity to cure the default on or before July 12, 2016. Defendant failed to cure and plaintiff filed its foreclosure complaint in August 2016.

Defendant filed an answer asserting multiple affirmative defenses, including lack of standing. After discovery, plaintiff moved for summary judgment, which defendant did not oppose. The court granted plaintiff's motion on March 1, 2017. Several weeks later, defendant moved for reconsideration, which was denied. After the court entered a final judgment of foreclosure, which determined $274,064.43 as the amount owed by defendant, defendant moved to fix the amount due, contending plaintiff's calculation of the amount due contained errors. The court dismissed the motion as moot, as defendant failed

to submit timely opposition to the amount plaintiff asserted was due in its motion for final judgment.

On appeal, defendant primarily raises two arguments: 1) plaintiff lacked standing to foreclose; and 2) plaintiff violated the Home Ownership Security Act of 2002 (HOSA), N.J.S.A. 46:10B-22, by claiming excessive late fees. We consider these arguments de novo in a light most favorable to defendant as the non-moving party. R. 4:46-2(c).

Defendant contends that plaintiff is not the mortgagee and therefore does not have standing. Standing is conferred on a mortgage foreclosure plaintiff who establishes possession of the note. Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)).

The court may rely on an affidavit "made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify . . . ." R. 1:6-6. Business records may be admitted. N.J.R.E. 803(c)(6).

Plaintiff submitted a certification from Tonya Y. McFadden-Williams, a vice president with plaintiff, in support of its summary judgment motion. McFadden-Williams certified she personally reviewed the business records of

defendant concerning the note and mortgage. She confirmed that plaintiff has been in possession of the note since prior to the April 12, 2016 foreclosure complaint's filing, and has remained in possession throughout the litigation. She also confirmed the mortgage was held by defendant and executed by defendant. Her certification complied with Rule 1:6-6 and N.J.R.E. 803(c)(6), and was uncontested by an opposing certification or other evidence.

The court determined plaintiff met the prima facie standard for relief in a mortgage foreclosure action. Upon establishing the validity of its note and mortgage, and that the mortgage loan is in default, a plaintiff has a contractual right to foreclose. See, e.g., Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 642 (App. Div. 1994).

In her motion for reconsideration, defendant attempted to introduce new material not considered at summary judgment. Reconsideration is not to be used "to expand the record and reargue a motion." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). For reconsideration of new evidence, the party must show the "evidence would probably alter the judgment and by due diligence could not have been discovered" earlier. Quick Chek Food Stores v. Springfield, 83 N.J. 438, 445 (1980). The judge, in his order and statement of reasons denying

reconsideration, noted that defendant's new evidence did not meet this standard, but nevertheless addressed defendant's arguments on the merits.

In the motion for reconsideration and on this appeal, defendant claims the note was transferred to an unknown third party, contending there is evidence the note was indorsed and the transaction history contains evidence of a partial settlement. However, the note was indorsed in blank. The trial court therefore correctly determined that plaintiff is entitled to enforce the note as long as it has possession of the note, pursuant to N.J.S.A. 12A-3-301, and an indorsement in blank would only permit a third party to enforce the note if that party has possession of the note. See N.J.S.A. 12A:3-301; N.J.S.A. 12A:3-205(b). Plaintiff submitted competent evidence that it possessed the note when it filed this action and through the time of the motion for reconsideration (as attested in the supplemental certification plaintiff submitted at the request of the court).

Finally, defendant appeals from the trial court's denial of her motion to fix the amount due. Defendant claims plaintiff violated HOSA by charging excessive late fees. Late fees may not exceed five percent of the amount of the past due payment. N.J.S.A. 46:10B-25(d). Defendant's claim clearly lacks merit as the final judgment did not include any late fee.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2384-17T4