**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4580-17T3

WELLS FARGO BANK, N.A., AS
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE HARBORVIEW
MORTGAGE LOAN TRUST
MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2006-12,

     Plaintiff-Respondent,

v.

MARY YACCARINO,

     Defendant,

and

WALTER A. WALKER, SR.,

     Defendant-Appellant.

_____

     Submitted May 22, 2019 – Decided June 6, 2019

     Before Judges Accurso and Vernoia.

     On appeal from Superior Court of New Jersey,
     Chancery Division, Atlantic County, Docket No. F-
     001493-16.

Walter A. Walker, Sr., appellant pro se.

Parker Ibrahim & Berg, LLP, attorneys for respondent (Charles W. Miller, III, Ben Zev Raindorf and Nathania Reyes, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Walter A. Walker, Sr., appeals from a September 22, 2017 order granting plaintiff Wells Fargo Bank, N.A.[1] summary judgment and striking defendant's answer, an April 27, 2018 order denying defendant's motion to fix the amount due, and an April 30, 2018 order granting final judgment to plaintiff. Finding no merit to defendant's arguments, we affirm.

In October 2006, Mary Yaccarino[2] borrowed $247,500 from Countrywide Bank, N.A. Yaccarino signed a promissory note in that amount in Countrywide's favor. To secure the loan, Yaccarino and defendant executed an October 16,

---

[1] Plaintiff filed the foreclosure complaint "as trustee, on behalf of the holders of HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-12."

[2] Yaccarino is a defendant in the foreclosure, but has neither appealed the court's orders nor participated in the appeal.

A-4580-17T3

2006 mortgage on property in Mays Landing to Mortgage Electronic Registration Systems, Inc. (MERS), acting as Countrywide's nominee.

The note went into default in May 2011 for non-payment and remained in default thereafter. In October 2011, MERS assigned the mortgage to Bank of America, N.A.[3] In 2015, Bank of America assigned the mortgage to plaintiff.

In January 2016, plaintiff filed a foreclosure complaint. Defendant filed an answer. Plaintiff subsequently filed a summary judgment motion and, in response, defendant filed a cross-motion to dismiss the complaint and to amend the answer to include a counterclaim.

After hearing argument on the motions, the court issued a detailed opinion from the bench. The court found there was no dispute there was a default under the note, and determined plaintiff had standing to foreclose because it is the assignee of the mortgage and possessed the note. The court rejected defendant's claim plaintiff violated the New Jersey Home Ownership Security Act of 2002 (HOSA), N.J.S.A. 46:10B-22 to -35, finding the statute inapplicable because defendant did not present any evidence that the mortgage loan satisfied either the statute's interest rate or total points and fees thresholds, N.J.S.A. 46:10B-24.

---

[3] Bank of America, N.A, is the successor by merger to BAC Home Loans Servicing, LP, which was formally known as Countrywide Home Loans Servicing, LP.

A-4580-17T3

The court also rejected defendant's assertion that plaintiff violated the Truth in Lending Act, 15 U.S.C. §§ 1601 to 1667f, because the competent evidence in the summary judgment record established that defendant was properly served with a notice of intent to foreclose and notice of the assignment of the mortgage to plaintiff. The court entered a September 22, 2017 order granting plaintiff summary judgment and striking defendant's answer.

Plaintiff filed a motion for entry of final judgment, to which defendant did not file a response. Defendant filed a motion to set the amount due. Defendant challenged the accuracy of plaintiff's business records and argued plaintiff's calculation of the amount due under the note included incorrect late payment charges and failed to credit defendant for mortgage payments made from 2012 to 2014 during his personal bankruptcy proceeding. The court rejected defendant's contentions and found the certification of plaintiff's loan servicing officer and plaintiff's business records established that the amount plaintiff claimed was due under the note accurately credited defendant with the mortgage payments made during the bankruptcy proceeding.

The court entered an April 27, 2018 order denying defendant's motion to set the amount due and directed the Office of Foreclosure to process plaintiff's motion for entry of a final judgment. On April 30, 2018, the court entered a

final judgment of foreclosure finding $344,747.89 was the amount due, plus interest from November 20, 2017, costs and counsel fees. This appeal followed.

On appeal, defendant first argues the court erred by granting summary judgment because there was a fact issue as to whether "Yaccarino alone executed [the] [n]ote." Defendant asserts that plaintiff alleged Yaccarino executed the note, but that there was an issue of fact as to that assertion because he and Yaccarino executed the note and were designated as the "borrowers" in the mortgage.

Summary judgment should be granted if the court determines "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We review the motion court's decision de novo and afford its ruling no special deference. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 224 N.J. 189, 199 (2016). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party" in consideration of the applicable evidentiary standard, "are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

In a mortgage foreclosure proceeding, the court must determine three issues: "the validity of the mortgage, the amount of the indebtedness" and default, and the right of the plaintiff to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). On appeal, defendant does not contest the validity of the mortgage, that the note is in default or plaintiff's right to foreclose. Instead, he argues only that there are fact issues precluding summary judgment, the court erred in rejecting his claim plaintiff violated HOSA and plaintiff failed to present competent evidence supporting its calculation of the amount due. For the reasons that follow, we reject defendant's contentions.

A motion for summary judgment must be denied where there is a genuine issue of fact that is material to the determination of whether the moving party is entitled to judgment as a matter of law, Brill, 142 N.J. at 540, but that is not the case here. As a matter of undisputed fact, Yaccarino alone signed the note, but defendant correctly notes that he and Yaccarino executed an addendum to the note that allowed for the imposition of a prepayment penalty, and in the mortgage he was referred to as a borrower. Those designations, and any purported factual dispute over whether defendant was a party to the note, are immaterial to a resolution of plaintiff's foreclosure action. Whether defendant

is a borrower or not, there is no dispute that the mortgage secured the payment of the note, he and Yaccarino received plaintiff's notices of intent to foreclose and there is a default under the note entitling plaintiff to foreclose under the mortgage. See Pardo, 263 N.J. Super. at 394.

We also reject defendant's claim that the court erred by granting summary judgment because plaintiff violated HOSA. As noted, the court found the statute inapplicable because defendant failed to present any evidence that the mortgage loan constituted a "high-cost home loan" to which the statute is applicable where there has been an assignment of the loan. N.J.S.A. 46:10B-27. The court explained that plaintiff did not demonstrate the loan satisfied either the statute's interest rate or total points and fees thresholds to qualify as a high-cost home loan subject to the statute. N.J.S.A. 46:10B-24. The record supports the court's finding. There is no competent evidence supporting the statute's application, and defendant points to none in support of his contention on appeal.

Defendant last argues the court erred by relying on plaintiff's business records to calculate the amount due. Defendant contends the proffered business records are inadmissible under Rule 803(c)(6) and that plaintiff's representative, Brandi Davis, who submitted a certification concerning the records, did not possess sufficient personal knowledge to support the court's acceptance of the

records as competent evidence of the sums due under the note. We are not persuaded.

The Davis certification expressly states that her knowledge was obtained by her personal review of records made in the regular course of her employer's business, at or near the time of the events, and recorded by persons with knowledge of the activity and transactions memorialized in the records. Thus, the documents upon which Davis's certification is based are admissible as business records under Rule 803(c)(6). State v. Sweet, 195 N.J. 357, 370 (2008). There is no requirement that Davis possess personal knowledge of the events reflected in the records. New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 326 (App. Div. 2014); cf., Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599-600 (App. Div. 2011) (finding a certification supporting a summary judgment motion inadequate because it did not indicate it was based upon personal knowledge and did not reflect the source of the affiant's knowledge of the facts stated).

To the extent we have not addressed any arguments asserted in defendant's pro se brief, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                            A-4580-17T3