**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2264-17T3

DITECH FINANCIAL, LLC,

     Plaintiff-Respondent,

v.

MAXWELL P. CLEMMONS, SR.,
his heirs, devisees, and personal
representatives, and his, their or any
successors in right, title, and interest,

     Defendants,

and

MAXWELL P. CLEMMONS, JR.,

     Defendant-Appellant.

_____

Argued September 19, 2019 – Decided October 4, 2019

Before Judges Alvarez, Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-022294-09.

Brian T. Flanagan argued the cause for appellant (Vyzas & Associates PC, attorneys; Vincas M. Vyzas, of counsel; Brian T. Flanagan, on the briefs).

Lauren Silver Zabel argued the cause for respondent (Reed Smith LLP, attorneys; Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendant Maxwell P. Clemmons, Jr. (Heir) appeals from the August 24, 2016 order of the Chancery Division granting summary judgment to plaintiff Ditech Financial, LLC (Ditech), and denying his motions to enforce litigant's rights and to vacate a prior order of the court denying his motion for summary judgment in this foreclosure matter, as well as the court's March 1, 2017 order denying his motion for reconsideration. We affirm.

I.

The following facts are derived from the record. In 2003, Maxwell P. Clemmons, Sr. (Borrower) executed a promissory note to GMAC Mortgage Corporation (GMAC Corp.) for $61,500. To secure the note, Borrower executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for GMAC Corp., its successors, and assigns, encumbering residential property in Newark. The mortgage was recorded on September 13, 2003.

On January 1, 2009, Borrower defaulted on the note. On April 24, 2009, MERS assigned the mortgage to GMAC Mortgage, LLC (GMAC). The assignment was recorded on June 2, 2009.

On April 28, 2009, GMAC filed a complaint for foreclosure on the mortgage in the Chancery Division. On December 16, 2009, the court entered summary judgment in favor of GMAC.

On May 14, 2012, GMAC ResCap, Inc. (ResCap) and its affiliates, including GMAC, filed a bankruptcy petition. On July 13, 2012, the Bankruptcy Court entered an order granting GMAC relief from the automatic stay established in 11 U.S.C. § 362(a). The order permits GMAC "to operate [its] business in the ordinary course" and to "to take all actions and execute such documents as may be necessary and appropriate to carry out" that authority. In addition, the order permits borrowers to assert claims and counterclaims against GMAC in "pending and future foreclosure proceedings initiated by" GMAC.

On November 19 and 21, 2012, the Bankruptcy Court approved the sale of ResCap's loan portfolio, including its mortgage servicing rights, to Walter Investment Management (Walter) or one of its affiliates. Green Tree Servicing, LLC (Green Tree) is a Walter affiliate.

A-2264-17T3

On January 9, 2013, GMAC sent Borrower a revised notice of intention to foreclose. On February 1, 2013, Borrower's note, indorsed in blank, was delivered to Green Tree. On July 30, 2013, GMAC assigned Borrower's mortgage to Green Tree. The assignment was recorded on August 5, 2013. On December 18, 2013, Green Tree filed an amended complaint substituting itself as plaintiff.

On August 14, 2014, following the death of Borrower, Green Tree filed a second amended complaint to join Borrower's unidentified heirs as defendants. On October 21, 2014, Heir filed a contesting answer, identifying himself as Borrower's heir and alleging the assignment of the mortgage to Green Tree was invalid.

On May 28, 2015, Heir moved for summary judgment, arguing GMAC violated the automatic stay when it transferred the mortgage to Green Tree. In response, Green Tree provided a copy of the July 13, 2012 order of the Bankruptcy Court and argued the assignment was carried out in the ordinary course of GMAC's business. On September 28, 2015, the trial court denied Heir's motion for summary judgment.

On February 16, 2016, Green Tree moved for summary judgment. In its moving papers, it noted that in August 2015, it merged with, and changed its

name to, Ditech.[1]  In addition to opposing the motion, Heir moved pursuant to Rule 1:10-3 for relief in aid of litigant's rights, arguing Green Tree failed to comply with a prior order to produce proof of the validity of its ownership of the mortgage.

On June 2, 2016, Green Tree filed a cross-motion for sanctions pursuant to Rule 1:4-8, arguing that Heir's motion was frivolous because its possession of the note indorsed in blank, even if obtained through an invalid transfer, gives it standing to foreclose under settled law.[2]  Heir cross-moved to vacate the September 28, 2015 order denying his prior summary judgment motion.

On August 24, 2016, the court granted Green Tree's motion for summary judgment, denied its motion for sanctions, and denied Heir's motions.  The court concluded that the automatic stay applies only to actions against the debtor in bankruptcy, in this case ResCap and its affiliates, and that GMAC's transfer of its asset to Green Tree did not violate the stay.  The court also found regardless

---

[1]  On October 27, 2016, the trial court entered an order amending the caption to reflect Green Tree's name change.  For ease of understanding, the court will continue to refer to plaintiff as Green Tree in this opinion.

[2]  On April 5, 2016, Green Tree wrote to the Trustee for the ResCap bankruptcy stating it was proceeding with the foreclosure and that the Trustee should move to intervene if it had an interest in the matter.  No such motion has been filed. Other than Green Tree, no entity has tried to foreclose on the mortgage.

A-2264-17T3

of the propriety of the transfer of the mortgage, Green Tree had standing to foreclose because it had possession of the note indorsed in blank when it filed the second amended complaint.

On March 1, 2017, the court denied Heir's motion for reconsideration of the August 24, 2016 order. A final judgment of foreclosure was entered on December 6, 2017.

This appeal followed. Before us, Heir reiterates his argument that GMAC violated the automatic stay when it transferred the mortgage to Green Tree, thereby invalidating Green Tree's ability to foreclose. In addition, he argues Green Tree violated Rule 4:64-1 when it filed the second amended complaint without an affidavit detailing a diligent inquiry to confirm its right to bring a foreclosure action. On October 2, 2018, we entered a stay of the final judgment of foreclosure.

## II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Prudential, 307 N.J. Super. at 167 (citation omitted). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995).

Defenses to a foreclosure are narrow. "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to" foreclose on the property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 547 (App. Div. 1994). Heir does not challenge the validity of the mortgage or the amount of indebtedness. The sole issue he raises is Green Tree's standing to foreclose on the mortgage.

Having carefully reviewed Heir's arguments in light of the record and applicable precedents, we conclude that there is ample evidence supporting the trial court's findings of fact and conclusions of law.

To have a right to foreclose on a mortgage, "a party . . . must own or control the underlying debt." Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010). Standing is created by "either possession of the note or an assignment of the mortgage that predated the original complaint . . . ." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

In the case of negotiable instrument, such as a promissory note, a

> "[p]erson entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [N.J.S.A.] 12A:3-309 or subsection d. of [N.J.S.A.] 12A:3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.
>
> [N.J.S.A. 12A:3-301.]

The instrument must be negotiated in order for a person other than the one to whom the instrument is made payable to become the holder. "'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." N.J.S.A. 12A:3-201(a). "[I]f an instrument is payable to an

A-2264-17T3

identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder." N.J.S.A. 12A:3-201(b).

> a. If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person.
>
> . . . .
>
> b. If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.
>
> [N.J.S.A. 12A:3-205.]

Here, Green Tree produced a copy of the note indorsed in blank in its possession, along with a certification evidencing its possession of the note, prior to the filing of the second amended complaint. Green Tree's possession of the note indorsed in blank as of the filing of the second amended complaint is sufficient to give it standing to foreclose on the mortgage securing the note. This conclusion alone is sufficient to affirm the August 24, 2016 order.

A-2264-17T3

We need not, therefore, address Heir's arguments regarding the automatic stay. As noted above, Green Tree's standing to foreclose would not be affected even if GMAC's transfer of the mortgage to Green Tree violated the stay. For the sake of completeness, however, we note our agreement with the trial court's interpretation of § 362(a), and the Bankruptcy Court orders allowing GMAC to conduct its ordinary business and approving the transfer of the Borrower's mortgage to Green Tree.

With respect to the March 1, 2017 order, Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either

failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application . . . ." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party "must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401.

Our review of the record in light of these precedents reveals no basis on which to reverse the March 1, 2017 order denying Heir's motion for reconsideration. In support of his motion, Heir, in effect, reiterated the arguments rejected by the court when it entered the August 24, 2016 order.

To the extent we have not specifically addressed any of Heir's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed. The October 2, 2018 stay is vacated.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2264-17T3