**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1880-18T3

BANK OF NEW YORK AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS
CWABS, INC., ASSET-BACKED
CERTIFICATES SERIES
2005-17,

     Plaintiff-Respondent,

v.

ROBERT O. NEWMAN,

     Defendant-Appellant,

and

ARIANE A. HUTCHINS-NEWMAN,
his wife, MBNA AMERICA BANK,
N.A., STATE OF NEW JERSEY,
SOUTH JERSEY GAS COMPANY,
and DISCOVER BANK,

     Defendants.

_____

Submitted December 16, 2019 – Decided January 16, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-009157-15.

Robert O. Newman, appellant pro se.

Eckert Seamans Cherin & Mellott, LLC, attorneys for respondent (Anita Jeanne Murray, on the brief).

PER CURIAM

Defendant appeals from a November 19, 2018 final foreclosure judgment. Defendant stopped paying his mortgage in April 2012. In March 2015, plaintiff filed this complaint, and in August 2015, defendant filed an answer noting "[plaintiff] states a legal conclusion of default, and [p]laintiff held the right to enforce the [n]ote without possession thereof against [d]efendant[,] to which no response is required. To the extent, a response is required whether or not [d]efendant denies the allegation and its subpart." A judge then denied defendant's motion to dismiss and granted summary judgment to plaintiff. Thereafter, final judgment was entered on plaintiff's motion, which was unopposed.[1] The sheriff's sale occurred in March 2019.

---

[1] In his merits brief, defendant focuses only on the orders granting summary judgment and dismissing his motion to dismiss, not the final judgment. We reiterate that defendant did not oppose plaintiff's motion seeking the entry of final judgment.

On appeal, defendant raises the following points for this court's consideration:

> POINT I
> THE [MOTION JUDGE] ERRED, AND ABUSED [HIS] DISCRETION GRANTING PLAINTIFF SUMMARY JUDGMENT WHEN THE ISSUE OF DEFAULT WAS STILL IN DISPUTE.
>
> POINT II
> THE [MOTION JUDGE] ERRED, AND ABUSED [HIS] DISCRETION, DENYING DEFENDANT'S CROSS-MOTION FOR DISMISSAL.

We conclude defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We nevertheless add these brief remarks.

Defendant contends summary judgment is precluded because the parties dispute whether he defaulted on the loan. When reviewing an order granting summary judgment, this court applies "the same standard governing the trial court." Oyola v. Xing Lan Liu, 431 N.J. Super. 493, 497 (App. Div. 2013). A court should grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Thus, "[t]o defeat a motion for summary judgment, the opponent must come forward with evidence that creates a genuine issue of material fact." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div.

2014) (internal quotation marks and citation omitted). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion[.]" Puder v. Buechel, 183 N.J. 428, 440-41 (2005). Bare conclusions in the pleadings without factual support in affidavits will not defeat an application for summary judgment. Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999). We owe no special deference to the motion judge's conclusions on issues of law. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

In support of its motion for summary judgment, plaintiff cited to specific portions of the record and submitted a certification from its foreclosure representative, which stated "defendant . . . defaulted under the terms and conditions of the aforesaid [n]ote and [m]ortgage by failing, refusing and/or neglecting to make the required payment for April 1, 2012, and all payments due thereafter." Defendant conceded the assertion was not a material fact precluding summary judgment. Instead, defendant requested plaintiff's statement in its statement of material facts be stricken, explaining:

> [I]t is not in the form required by R[ule] 4:46[-]2(a) because (1) it is not a concise statement of fact but rather a legal conclusion, and (2) [p]laintiff has failed to provide a citation to the portion of the motion record establishing this fact or demonstrating that it is uncontroverted. Plaintiff has no [p]ayment [h]istory

that demonstrates default. <u>This is</u>, nonetheless, <u>not a material fact precluding summary judgment and the [c]ourt should strike this statement</u>.

[(Emphasis added).]

In general, "[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." <u>Great Falls Bank v. Pardo</u>, 263 N.J. Super. 388, 394 (Ch. Div. 1993), <u>aff'd</u>, 273 N.J. Super. 542 (App. Div. 1994). Plaintiff established—by citing to the record—the validity of the mortgage, the amount of the indebtedness, and the right to foreclose on the property. Moreover, plaintiff put forth its representative's certification that showed defendant defaulted on the loan on April 1, 2012. Defendant has not produced any evidence establishing any payment or satisfaction of the loan since default. Thus, plaintiff was entitled to judgment as a matter of law.

We reject defendant's contention that the judge erred by denying his motion to dismiss the complaint. Defendant states: "Defendant filed his [c]ross-[m]otion for [d]ismissal because [p]laintiff offered no evidence of default; as a result, [p]laintiff had no cause of action to file the [c]omplaint." We review a judge's determination on a motion to dismiss de novo. <u>Castello v. Wohler</u>, 446 N.J. Super. 1, 14 (App. Div.), <u>certif. denied</u>, 228 N.J. 39 (2016). The motion

judge granted plaintiff's summary judgment motion and denied defendant's cross-motion to dismiss the complaint because plaintiff satisfied its burden: "Plaintiff established the validity and enforceability of the note and mortgage, and defendant[']s default thereunder, and [defendant] has not submitted any evidence to the contrary[.]" The judge also found defendant's answer "is hereby deemed to be non-contesting." The judge further emphasized that defendant's answer was non-contesting because "none of the pleadings [are] responsive to the complaint, [meaning it neither] contests the validity or priority of the mortgage or lien being foreclosed[,] [n]or create[s] an issue with respect to plaintiff's right to foreclose[.]" See R. 4:64-1(c) (setting forth the definition of uncontested action).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1880-18T3