273 N.J. Super. 542 (1994)
642 A.2d 1037
GREAT FALLS BANK, PLAINTIFF-RESPONDENT,
v.
JOSEPH PARDO, DEFENDANT-APPELLANT, AND FRANK PAPARATTO, MARIA PAPARATTO AND SAMUEL PETRACCA A/K/A/ SAM PETRACCA & SAMUEL S. PETRACCA, AND MARIA PETRACCA, A/K/A/ MARIA D. PETRACCA, JOHN F. KENNEDY MEDICAL CENTER AND THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1994.
Decided May 26, 1994.
*543 Before Judges STERN and KEEFE.
Aldan O. Markson, argued the cause for appellant Joseph Pardo (Mr. Markson, on the brief).
Cheryl H. Burstein argued the cause for respondent Great Falls Bank (Williams, Caliri, Miller & Otley, attorneys; Ms. Burstein, of counsel and on the brief).
Argued (telephonically)[1] May 10, 1994.
PER CURIAM.
In 1987, Frank Paparatto, Ciro Spinella and Samuel Petracca entered a joint venture to build two-family houses on a parcel of land in North Arlington. To finance the venture, they personally executed a promissory note for a $350,000 loan Great Falls Bank ("plaintiff") made to their corporation. When they could not make payments, Paparatto and Petracca induced Pardo ("defendant") to acquire a 14% interest in the venture in exchange for $176,000 and execution on January 6, 1989 of a guaranty of the debt. On June 16, 1989 defendant also executed a mortgage to secure the guaranty in exchange for release by plaintiff of Paparatto's certificate of deposit previously given as security. Defendant contends that the mortgage was prepared by the bank's vice president, Glen Durr, but that he (defendant) had no direct communication with the *544 bank or Durr. The mortgage was witnessed and notarized by Petracca. According to defendant's certification in opposition to plaintiff's motion for summary judgment, "[a]lthough my signature appears on the mortgage, I have no recollection of ever signing the mortgage ... I was not aware that I had signed a mortgage until many months after June 16, 1989." Defendant, a janitor who cannot read or write English, claims he never understood that he executed a mortgage to secure his guaranty and that he was fraudulently induced to do so by his "partners."[2]
On January 21, 1990 the four partners executed a renewal promissory note which facially changed defendant's obligation from that of guarantor to principal. When the obligors did not make timely interest payments, plaintiff commenced a suit in August 1990 against Paparatto, Spinella, Petracca and defendant. Incident to a settlement and dismissal of that litigation, the four "partners" executed another extension of the $350,000 loan. Defendant simultaneously executed a Mortgage Modification and Extension Agreement to secure the debt. Both the note and agreement provided that plaintiff could release any party or collateral without affecting the liability of any other debtor or mortgagor. About seven months later, plaintiff released Spinella and discharged his mortgage in exchange for 25% of the amount due under the loan. Because the remaining balance was not paid when due, plaintiff instituted this foreclosure action. Thereafter, plaintiff's motion for summary judgment was granted, and defendant's motion for reconsideration was denied. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 622 A.2d 1353 (Ch.Div. 1993).
Defendant appeals and contends that the court erred by granting summary judgment. He argues that there are material facts in dispute which, if resolved favorably to him, support his claim that (1) plaintiff, as a third party beneficiary of his promises to his *545 "partners," stands in the shoes of the promisees and is therefore subject to the defense of fraud that he asserts against his "partners" in a related action; (2) his mortgage is void because it did not secure a valid, subsisting debt; (3) his original guaranty is unenforceable because plaintiff released a principal obligor on the debt;[3] (4) his guaranty and mortgage are unenforceable for lack of consideration, and (5) the trial judge improperly denied him a hearing on his request that the foreclosure sale of his mortgage be stayed until plaintiff could litigate his claims against his partners and require the plaintiff to satisfy his obligation against them before resorting to the foreclosure sale of his mortgage.
The judgment is affirmed substantially for the reasons expressed by Judge Boyle in his written opinion, Great Falls Bank v. Pardo, 263 N.J. Super. 388, 622 A.2d 1353 (Ch.Div. 1993), together with the following. It is uncontested before us that defendant was named as a defendant in the action filed in August 1990 based on the January 21, 1990 note executed by Paparatto, Petracca, Spinella and defendant, and that the suit was dismissed incident to execution by the same four individuals on November 14, 1990 of a new $350,000 promissory note, together with guaranties executed by the wives of Paparatto, Petracca and Spinella, and the Mortgage Modification and Extension Agreement signed by defendant (and apparently separate such agreements by Petracca *546 and Spinella as well). These items were submitted to the plaintiff by counsel for defendants in the 1990 action.[4] In fact, counsel witnessed and notarized defendant's signature on the modification agreement, and defendant simultaneously executed an affidavit of title to his mortgaged property. If nothing else, dismissal of the 1990 complaint and renewal of the loan in November of that year provided consideration for the new obligation defendant undertook, and plaintiff could fairly rely on these documents sent to the bank by defendant's counsel.[5]
We do not believe that the bank had an independent obligation in these circumstances to scrutinize the relationship between the individuals who each appeared to have an interest in the entity for whose benefit the loan was made, or to question if there was a conflict among obligors (or obligors and guarantors), or in their joint representation. As Judge Boyle stated in his opinion, "any fraud perpetrated by the partners is of no moment unless Great Falls had knowledge thereof or participated therein...." Great Falls v. Pardo, supra, 263 N.J. Super. at 398, 622 A.2d 1353. There was an insufficient showing of such knowledge, which defendant claims to flow from Durr's prior close relationship with one of the "partners" and his personal lawyer. Moreover, as defendant acknowledged in the November 1990 Mortgage Modification and Extension Agreement that the 1989 mortgage "shall continue to secure repayment" of the borrowers' obligation to repay the loan simultaneously renewed and extended, and acknowledged the "obligation" under his original guaranty, defendant cannot now deny the validity of the 1989 mortgage. We therefore reject his contention that there are factual issues related to the execution of the mortgage which would preclude summary judgment in this foreclosure action.
*547 Before us defendant claims for the first time the Mortgage Modification and Extension Agreement signed by defendant is unenforceable because it was not executed by the plaintiff. Hence, defendant asserts he did not consent to the release of Spinella as a principal obligor, thereby adversely affecting defendant's guaranty. However, independent of whether defendant was then a principal obligor protecting his own investment, the modification agreement was signed by defendant, "the party to be charged." N.J.S.A. 25:1-5. The fact the bank may not have executed the modification does not control.
As we disagree with defendant on the merits, we see no reason to further consider whether a stay should have been granted pending resolution of his cross-claims against the other defendants in a related action. Generally, the bank can proceed directly against a guarantor. Delaware Truck Sales, Inc. v. Wilson, 131 N.J. 20, 32-33, 618 A.2d 303 (1993); Summit Trust v. Willow Business Park, supra, 269 N.J. Super. at 445-46, 635 A.2d 992. In any event, we have been told that the premises have not yet been the subject of a foreclosure sale as plaintiff was, in fact, permitted to proceed only to one foreclosure sale and elected to proceed against Petracca (with whom it subsequently settled) and is awaiting this opinion before taking further action.
Affirmed.
NOTES
[1] The case was originally submitted on May 3, 1994.
[2] In a certification defendant described Paparatto, who he "trusted ... implicitly," as "my long-standing and intimate friend and next-door neighbor" and "godfather of one of my children, my best man at my wedding, and ... related to me through marriage."
[3] Because of contested issues of fact, the trial judge "assume[d] that Pardo remained at all times only a guarantor and that Paparatto and Petracca fraudulently induced Pardo to execute the guaranty and mortgage." Great Falls Bank v. Pardo, supra, 263 N.J. Super. at 394, n. 3, 622 A.2d 1353. Despite execution of the January and November 1990 documents as principal, we will also proceed on that assumption principally because the Mortgage Modification and Extension Agreement expressly provided that

[t]his Agreement is intended by the parties to be an extension and renewal of the loan obligation of the Borrowers as set forth in the Note dated January 21, 1990 and obligation of Pardo under the Note and Guaranty Agreement dated June 8, 1988. It is not a termination or release of the existing loan obligation of the Borrowers or Pardo as Guarantor.
See Summit Trust Co. v. Willow Business Park, L.P., 269 N.J. Super. 439, 443-44, 635 A.2d 992 (App.Div.), certif. denied, 136 N.J. 30, 641 A.2d 1041 (1994).
[4] The 1990 pleadings were not submitted to us.
[5] There was no assertion that the attorney had a conflict of interest, did not represent defendant, or the like.