**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2375-18T1

INVESTORS BANK,

     Plaintiff,

v.

JOSEPH SABURN,

     Defendant-Appellant,

and

PATRICIA SABURN,
Husband and Wife,

     Defendant.

_____

Submitted January 13, 2020 – Decided March 30, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-020444-17.

Joseph Saburn, appellant pro se.

Fein Such Kahn & Shepard, PC, attorneys for respondent (Ashleigh Levy Marin and Michael S. Hanusek, on the brief).

PER CURIAM

Defendant Joseph Saburn appeals from the Chancery Division's order granting summary judgment to plaintiff Investors Bank and denying defendant's cross-motion to dismiss plaintiff's complaint; a subsequent order denying defendant's motion to fix the amount due at "$0.00"; and entry of final judgment against defendant and Patricia Saburn who was pled as defendant's wife.[1] On appeal, defendant argues:

> POINT I
>
> THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION GRANTING PLAINTIFF SUMMARY JUDGMENT, AND DENYING DEFENDANT CROSS-MOTION FOR DISMISSAL.
>
> A. DEFAULT.
>
> B. AFFIDAVIT.
>
> POINT 2
>
> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT STATING ITS FACTUAL FINDINGS REGARDING THE DEFAULT ISSUE.

---

[1] Patricia Saburn did not appeal.

2

Based upon our review of the record in the context of the applicable law, we affirm.

In a mortgage foreclosure proceeding, the court must determine three issues: "the validity of the mortgage, the amount of the indebtedness" and default, and the right of the plaintiff to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). In his responses to plaintiff's statement of undisputed facts, defendant admitted to executing a note to repay the loan from ISB Mortgage Co., LLC in the amount of $1,328,465, and that the loan was secured by a mortgage on the foreclosed property. Defendant does not challenge plaintiff's standing. He argues only that the court erred in granting plaintiff's summary judgment motion because "[p]laintiff did not attach a payment history or computerized business record [to a certification signed by plaintiff's employee] in support of its default claim." He claims the documentary proof of payments was required to be annexed to the certification by the "[R]ule requiring such certifications to have attached thereto all documents upon which the affiant relies," and the trial court could not "conclude without making a creditibility determination as to whether [d]efendant defaulted and when the alleged default

happened just by reading the statement." He also asserts the trial court made no fact finding, as required by Rule 1:7-4(a), that defendant defaulted.

The certification provided, in pertinent part:

> In the regular performance of my job functions, I am familiar with business records maintained by [plaintiff], for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by [plaintiff]. It is the regular practice of [plaintiff's] mortgage servicing business to make these records. In connection with making this certification, I have personally examined these business records.
>
> . . . .
>
> Defendant . . . has defaulted under the terms and conditions of the . . . [n]ote by failing, refusing and/or neglecting to make the December 2, 2016 payment and all payments due thereafter.

The notice of intention to foreclose (NOI) that was attached to the certification advised defendant that the note and mortgage were in default because plaintiff

did not receive installment payments due for December 2016 through January 2017.[2]

The trial court recited the proper standard for determining summary judgment motions in foreclosure actions, and determined plaintiff had standing and was entitled to enforce the instruments because it "ha[d] been in possession of the note and mortgage[—both of which were submitted to the trial court—] since prior to the filing of the complaint."  The trial court rejected defendant's claim that plaintiff was required to provide proof of all payments made on the loan, and concluded defendant had not submitted any proof in support of his affirmative defense that the plaintiff had no evidence, specifically a "Loan/Payment History," to support its claim that defendant defaulted.

In our review of a grant of summary judgment, we apply the same legal standard as the motion judge.  Townsend v. Pierre, 221 N.J. 36, 59 (2015).  We must determine whether there is a "genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party[.]" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting

---

[2]  Although defendant argued in opposition to plaintiff's summary judgment motion that plaintiff failed to prove service of the NOI, he did not brief that issue on appeal.  As such we will consider it waived.  Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

R. 4:46-2(c), then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and are reviewed de novo. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Although the trial court did not explicitly find defendant was in default, that fact is obvious from a plain reading of the court's written statement of reasons. Thus, there is no merit to his claim that the trial court did not comply with Rule 1:7-4(a).

Plaintiff's employee's certification established that his review of plaintiff's business records was the basis for his sworn statement that defendant was in default by failing to make any payments since December 2, 2016. Although an application for judgment must be accompanied by proofs as required by Rule 4:64-2, R. 4:64-1(d)(1), including a schedule as set forth in Appendix XII-J, R. 4:64-2(b)—which was submitted by plaintiff in its application for final judgment—there is no similar requirement for such proof in connection with a motion for summary judgment. Plaintiff's employee's uncontradicted certification provided sufficient support for the grant of summary judgment to

plaintiff. Contrary to defendant's assertion, the trial court did not have to make a credibility determination. The trial court recognized defendant had not sufficiently supported his bald averment that there was no proof of default. As we discerned in Brae Asset Fund, L.P. v. Newman:

> The law is well settled that "[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment." U.S. Pipe & Foundry Co. v. Am. Arbitration Ass'n, 67 N.J. Super. 384, 399-400 (App. Div. 1961). By the same token, bare conclusory assertions in an answering affidavit are insufficient to defeat a meritorious application for summary judgment.
>
> [327 N.J. Super. 129, 134 (App. Div. 1999) (alteration in original) (citations omitted).]

We discern the trial court heeded the Brill Court's instruction to

> keep in mind that the summary judgment rule should be applied so as to serve two competing jurisprudential philosophies. As this Court observed over a quarter of a century ago:
>
> > On the one hand is the desire to afford every litigant who has a bona fide cause of action or defense the opportunity to fully expose his case. . . . On the other hand, protection is to be afforded against groundless claims and frivolous defenses, not only to save antagonists the expense of protracted litigation but also to reserve judicial manpower and facilities to cases which meritoriously command attention.

7

[Brill, 142 N.J. at 541-42 (alteration in original) (citation omitted) (quoting Robbins v. Jersey City, 23 N.J. 229, 240-41 (1957)).]

We determine the balance of defendant's arguments are without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). We add only that we fully agree with Judge Robert J. Brennan's cogent written statement of reasons accompanying his denial of defendant's motion to set the amount due at "$0.00," and returning the matter to the Office of Foreclosure for entry of a final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-2375-18T1