**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3766-18T1
A-0094-19T1

EQUITY TRUST COMPANY
CUSTODIAN FBO DARLENE
DIETZEL IRA #Z093579 AS TO
A 65% INTEREST & EQUITY
TRUST COMPANY CUSTODIAN
FBO ORVAL W. DIETZEL IRA
#Z100780 AS TO A 35% INTEREST,

 Plaintiff-Respondent,

v.

KEITH HINTON II,

 Defendant-Appellant,

and

HINTON RENOVATIONS, LLC,

 Defendant.

_____

  Submitted November 2, 2020 – Decided  December 10, 2020

  Before Judges Sabatino and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-011172-17.

Keith Hinton II, appellant pro se.

Fein, Such, Kahn & Shepard, PC, attorneys for respondent (Ashleigh L. Marin, on the briefs).

PER CURIAM

Defendant Keith Hinton II appeals from two orders of the Chancery Division in these foreclosure appeals which were calendared back-to-back: (1) the April 16, 2019 order denying Hinton's motion to vacate a final judgment of foreclosure and writ of execution; and (2) the August 28, 2019 order denying his motion to vacate the Sheriff's sale of the subject property. We affirm.

I.

The following facts are derived from the record. On October 12, 2015, defendant Hinton Renovations, LLC (Renovations) executed a note to Secured Investment High Yield Fund, LLC (Secured Investment) in the amount of $115,000. On the same day, in order to secure the note, Renovation executed a mortgage in favor of Secured Investment for property located in East Orange. The note and mortgage were personally guaranteed by Hinton.

On November 20, 2015, Secured Investment assigned the mortgage to plaintiff Equity Trust Company Custodian FBO Darlene Dietzel IRA #Z093579

A-3766-18T1

as to a 65% Interest & Equity Trust Company Custodian FBO Orval W. Dietzel IRA #Z100780 as to a 35% Interest (Equity Trust).  On December 14, 2015, the mortgage was recorded with the Essex County Clerk.

On May 4, 2017, Equity Trust filed a foreclosure complaint in the Chancery Division against defendants, alleging a November 30, 2016 default in the note and mortgage.  Defendants were served with the complaint on May 20, 2017 and did not file an answer.  On July 19, 2017, the trial court entered a default against defendants.

On April 30, 2018, the court entered final judgment in favor of Equity Trust.  A Sheriff's sale of the subject property was scheduled for October 16, 2018.  Defendants used their two statutory adjournments, resulting in the sale being scheduled for November 13, 2018.

On November 13, 2018, Hinton filed Chapter 13 bankruptcy.  Equity Trust filed a motion in the Bankruptcy Court to confirm the absence of the automatic stay and allow the foreclosure to continue.  On January 30, 2019, the motion was granted.

On January 25, 2019, Hinton filed a motion in the trial court to vacate the final judgment and writ of execution.  The trial court denied Hinton's motion and issued the following written statement of reasons:

A-3766-18T1

> Defendant fails to address Rule 4:50-1, the relevant court rule. Defendant's moving papers do not discuss excusable neglect for failure to file a timely answer or articulate a meritorious defense. Furthermore, standing, which is the core of Defendant's argument, is not a basis to vacate judgment in a foreclosure matter. Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91 (App. Div. 2012).

An April 16, 2019 order memorializes the court's decision.

Hinton subsequently appealed the April 16, 2019 order. While the appeal was pending, on June 18, 2019, the subject property was sold at a Sheriff's sale. Equity Trust was the successful bidder.

On June 28, 2019, Hinton filed a motion to vacate the Sheriff's sale. On August 28, 2019, the trial court denied Hinton's motion. The court found that

> defendant does not provide an explanation for his theory that there were alleged irregularities in the sale, nor does he present any facts demonstrating any irregularities in the sale. Rather[,] the substance of defendant's motion essentially challenges the plaintiff and the sheriff to provide evidence of a lack of irregularity in the sale. However, it is the defendant's burden to demonstrate such an irregularity.

An August 28, 2019 order memorializes the court's decision.

Hinton subsequently appealed the August 28, 2019 order. He argues that the trial court erred when it denied his motion to vacate the foreclosure judgment because the record does not establish Equity Trust had standing to pursue

foreclosure. In addition, Hinton argues that the trial court erred when it denied his motion to vacate to the Sheriff's sale because Equity Trust did not produce an affidavit from the Sheriff that the sale was conducted without irregularities.

II.

When a court has entered a final default judgment, the party seeking to vacate the judgment must do so pursuant to Rule 4:50-1. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Rule 4:50-1 provides:

> [o]n motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and for which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

The rule is designed "to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have

5

authority to avoid an unjust result in any given case." Mancini v. EDS, 132 N.J. 330, 334 (1993).

"A defendant seeking to set aside a default judgment must establish that his failure to answer was due to excusable neglect and that he has a meritorious defense." Goldhaber v. Kohlenberg, 395 N.J. Super. 380, 391 (App. Div. 2007). "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Guillaume, 209 N.J. at 468.

Additionally, Rule 4:50-2 requires that all motions seeking relief from a judgment be filed "within a reasonable time." Motions based on subsections (a), (b), and (c) are barred if filed "more than one year after the judgment, order or proceeding was entered or taken." R. 4:50-2.

An order deciding "an application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." United States v. Scurry, 193 N.J. 492, 502 (2008) (citations omitted). We find an abuse of discretion when a decision is "'made without a rational explanation, inexplicably departed from established policies, or rested on impermissible bias.'" Guillaume, 209 N.J. at 467 (quoting Illiadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2010)).

A-3766-18T1

As was the case in the trial court, Hinton's brief does not address Rule 4:50-1 or identify the subsection of the rule on which he relies. He provides no explanation for his failure to answer the complaint or the nearly nine-month delay in seeking relief from the April 30, 2018 final foreclosure judgment. We agree with the trial court's conclusion that Hinton did not establish that he was entitled to relief under the rule.

We also agree with the trial court's conclusion that Hinton's motion, filed on the eve of the Sheriff's sale, was substantively meritless. Defenses to a foreclosure are narrow. "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to" foreclose on the property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 547 (App. Div. 1994). Hinton argues, as he did in the trial court, that Equity Trust did not prove that it had standing to foreclose on the subject property when it filed its complaint. As the trial court noted, however, standing is not a meritorious defense to a foreclosure action post-judgment. Russo, 429 N.J. Super. at 101. We find in the record no basis to reverse the April 16, 2019 order.

We turn to Hinton's appeal of the August 29, 2019 order denying his motion to vacate the Sheriff's sale. It is well-settled that the court has the

authority to set aside a Sheriff's sale and order a resale of the property. First Trust Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). "The exercise of this power is discretionary and must be based on considerations of equity and justice." Ibid. "[A] judicial sale may be set aside 'by reasons of fraud, accident, surprise, or mistake, irregularities in the conduct of the sale'" and the like. Ibid. (quoting Karel v. Davis, 122 N.J. Eq. 526, 528 (E.&A. 1937)). We accord deference to such decisions in the absence of a misconception of applicable law. O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997).

Our review of the record reveals the trial court acted within its discretion when denying Hinton's motion to vacate the Sheriff's sale. As the trial court aptly concluded, Hinton produced no evidence of an irregularity in the sale or other grounds for relief. In light of the paucity of evidence produced by Hinton, Equity Trust had no obligation to produce an affidavit from the Sheriff attesting to the regularity of the sale.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3766-18T1