**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0418-23

U.S. BANK TRUST COMPANY,
NATIONAL ASSOCIATION, AS
TRUSTEE, AS SUCCESSOR-IN-
INTEREST TO U.S. BANK
NATIONAL ASSOCIATION, AS
TRUSTEE FOR GSAA HOME
EQUITY TRUST 2006-1, ASSET-
BACKED CERTIFICATES,
SERIES 2006-1,

     Plaintiff-Respondent,

v.

LIGIA M. GERGES, GAMAL A.
GERGES, CITIBANK
N.A. AS TRUSTEE FOR BSSLT
2007-SV1, and AMERICAN
EXPRESS CENTURION BANK,

     Defendants-Appellants.

_____

Submitted November 13, 2024 – Decided November 21, 2024

Before Judges Susswein and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-005356-19.

Ligia Gerges and Gamal Gerges, appellants pro se.

Womble Bond Dickinson (US), LLP, attorneys for respondent (Rhonda Payne Harmon, on the brief).

PER CURIAM

In this residential foreclosure matter, self-represented defendants Ligia M. Gerges and Gamal A. Gerges,[1] appeal from multiple Chancery Division orders. Defendants appeal from the trial court's: (1) October 6, 2023 order entering an amended final foreclosure judgment in favor of plaintiff U.S. Bank Trust Company, N.A. (U.S. Bank),[2] as trustee, as successor-in interest to U.S. Bank N.A., as trustee for GSAA Home Equity Trust 2006-1, Asset Backed Certificates, Series 2006-1; (2) August 31, 2023 orders entering final judgment and denying defendants' motion to fix the amount due at $227,640.62; and (3) October 21, 2022 orders granting plaintiff summary judgment and denying

---

[1] Because Ligia M. Gerges and Gamal A. Gerges share the same surname, we use first names for clarity intending no disrespect.

[2] On June 12, 2023, U.S. Bank became the named plaintiff in this action as the successor trustee for U.S. Bank N.A. Therefore, we reference U.S. Bank N.A. and U.S. Bank, as the successor trustee, as plaintiff throughout the opinion. At all times during the course of the loan PHH Mortgage Corporation remained as the loan servicer.

2                                                                          A-0418-23

defendants' cross-motion to dismiss plaintiff's complaint for failure to state a claim. Having reviewed the record, parties' arguments, and governing legal principles, we affirm.

I.

On November 4, 2005, defendants executed a promissory note in the amount of $444,000 in favor of PHH Mortgage Corp (PHH), formerly known as Cendant Mortgage Corp, doing business as Coldwell Banker Mortgage. Defendants used the proceeds to purchase a property in Clifton. PHH's note matured on December 1, 2035. The note provided an initial interest rate of 6.025 percent and monthly payments of $2,229.25 for interest only the first seventy-two months. The note included a late charge penalty of five percent for payments not received within fifteen days of the date due.

On the same date, defendants also executed a purchase money mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for PHH to secure payment of the note. The mortgage was recorded in August 2006.

In 2017, defendants entered a loan modification agreement with PHH, effective January 1, 2017, which increased the unpaid principal balance from $436,700.13 to $737,472.28 to capitalize on the arrearages due but deferred

3

$100,000. This resulted in an interest-bearing principal balance of $637,472.28. PHH itemized the additional amount owed of $300,772.15, including: escrow advances of $140,182.14; accrued interest of $154,688.56; attorneys' fees of $5,901.42; and the first modified monthly payment of $3,381 beginning on February 1. The designated monthly escrow payment in the loan modification offer was $1,450.57. The loan modification agreement also revised the interest rate to two percent. PHH notified defendants in the January 3 loan modification offer letter that their "total mortgage payment may change due to changes in [their] escrow account." Further, defendants admitted PHH provided notice to defendants that the late fees they accumulated prior to entering the loan modification agreement would remain due and owing. On January 30, defendants remitted payment of $3,381 to PHH.

PHH sent defendants an "Off-Scheduled Escrow Statement" dated February 17. The statement specifically addressed whether defendants' escrow account had "sufficient funds . . . available to pay [estimated] . . . taxes/and or insurance." PHH advised defendants their escrow account had a projected shortage of $2,051.18 for February 28, the beginning of the annual analysis cycle when PHH was required to collect payments and remit monies on

4

defendants' behalf, because of hazard insurance and city taxes in the amount of $17,494.41.

PHH offered defendants the option to pay the escrow shortage in a lump sum by February 20 or have the shortage added pro rata to their payment schedule for twelve months beginning in March 2017 for a total monthly payment amount of $3,559.23. Because defendants did not make the lump sum payment, PHH increased their monthly payments by $178.23 per month for twelve months to meet their escrow shortage. Accordingly, defendants' new monthly payment became $3,559.23 beginning in March 2017. In February, PHH also mailed defendants a mortgage statement notification of the increased monthly amount owed of $3,559.23. After PHH received defendants' payment of $3,381, which was less than the revised monthly amount owed, PHH notified defendants by letter dated March 8 that it placed their March payment amount of $3,381 in suspension as an incomplete payment. PHH further advised defendants that they owed an additional $178.23. Defendants continued to remit monthly payments of $3,381 in April, May, and June.

PHH applied defendants' June payment to their May installment due, and defendants made no further payment for June. Because defendants did not make the modified payments, PHH served defendants, by letter dated July 28, with a

5

notice of its intention to foreclose on the property. The notice advised defendants they owed two monthly installments of $7,118.46 in addition to $2,378.11 in late charges. By letter dated August 4, PHH returned defendants' unapplied balance of $3,515.56 and declared the unpaid principal, interest, advances, and costs due. Defendants failed to make a sufficient monthly payment after February. Defendants submitted a late and deficient loan payment on July 29 for $2,381, which PHH returned as insufficient to "clear default."

After multiple assignments, on January 7, 2019, GSAA Home Equity 2006-1, Asset-Backed Certificates, Series 2006-1, U.S. Bank N.A., as Trustee, was assigned the mortgage. U.S. Bank became the named plaintiff in this appeal as the successor trustee as successor in interest to U.S. Bank N.A., as trustee for GSAA Home Equity 2006-1. PHH remained the delegated servicer.

On March 20, over eighteen months after defendants' last payment, plaintiff filed a foreclosure complaint. In May, defendants filed a contested answer. On September 18, plaintiff moved for summary judgment. Plaintiff provided a certification from Gina Feezer, a senior loan analyst with Ocwen Financial Corporation, a subsidiary of PHH. She provided the details of defendants' default. In November, defendants cross-moved to dismiss plaintiff's

complaint. Plaintiff filed a supplemental motion for summary judgment in February 2020. Defendants filed a contested answer in March.

On October 21, 2022, after hearing argument, the motion judge issued orders accompanied by an oral decision. The judge found plaintiff had a proper assignment and standing to foreclose. Further, he found defendants defaulted because they failed to make the adjusted monthly loan modification payments after plaintiff provided notice of the escrow shortage and increased amount owed. Regarding default, the judge reasoned, "[T]he fundamental problem is that the defendants failed to make the required payment that start[ed] with the March 1, 2017 payment. They failed to pay the late charges. All of this resulted in a default." Accordingly, the judge found no genuine issue of fact regarding the default. The judge denied defendants' motion to dismiss, finding the "pleadings in this matter [we]re sufficient."

On June 28, 2023, plaintiff moved for final judgment in the amount of $921,104.10 plus costs and attorney's fees. Defendants opposed plaintiff's motion and cross-moved to fix the amount due at $227,640.62. Defendants averred they made the correct payments, and PHH misapplied the monies.

On August 30, the judge held a testimonial hearing to address the amount owed. Plaintiff produced a servicing agent from Ocwen Financial Corporation

7

who testified defendants remitted insufficient monthly payments between March and June. Ligia acknowledged PHH notified defendants by letter in February 2017 "that the amount [owed per month] would change and the reason it would change." She testified defendants "want[ed] to have . . . the breakdown of all the escrows," but conceded plaintiffs had advised of increases for insurance and taxes. She testified PHH failed to accurately provide the exact increased escrow amounts necessary. After hearing the testimony, the judge found the servicing agent explained the amount owed was accurate and therefore defendants defaulted on the loan modification agreement. Further, the judge explained that after he reviewed the documents, he "was able to find each one of th[e] payments" defendants had made that were "posted to the account." The judge concluded the amount due was $921,104.10. On August 31, the judge issued an order granting plaintiff's motion for final judgment and denying defendants' motion to fix the amount due.[3] Thereafter, on October 6, the judge issued an order amending final judgment.

---

[3] The August 31 order granting final judgment incorrectly states "[d]efendants' [m]otion to [f]ix the [a]mount [d]ue" was granted.

On appeal, defendants contend the judge erred in:  finding defendants defaulted; and not fixing the amount due by correctly crediting their modification prepayment.

II.

In an action to foreclose a mortgage, the only material issues are "the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." N.Y. Mortg. Trust 2005-3 Mortg.-Backed Notes, U.S. Bank Nat'l Ass'n as Trustee v. Deely, 466 N.J. Super. 387, 397 (App. Div. 2021) (quoting Invs. Bank v. Torres, 457 N.J. Super. 53, 65 (App. Div. 2018), aff'd and modified, 243 N.J. 25 (2020)).  We review a motion judge's summary judgment "decision de novo and afford his ruling no special deference." Torres, 457 N.J. Super. at 56.  We apply the same standard as the motion judge and consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also Rozenblit v. Lyles, 245 N.J. 105, 121 (2021) (applying same standard for cross-motions for summary judgment).

A foreclosure action will be deemed uncontested if "none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it." R. 4:64-1(c)(2). Pursuant to Rule 4:64-1(d)(4), the trial court is authorized to "enter final judgment upon proofs as required by R. 4:64-2." The "[p]roof required by R. 4:64-1 may be submitted by affidavit or certification, unless the court otherwise requires. The moving party shall produce the original mortgage, evidence of indebtedness, assignments, claim of lien . . . , and any other original document upon which the claim is based." R. 4:64-2.

On an appeal from a bench trial, we "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Allstate Ins. Co. v. Northfield Med. Ctr., P.C., 228 N.J. 596, 619 (2017) (quoting Griepenburg v. Township of Ocean, 220 N.J. 239, 254 (2015)). We do "not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." 160 W. Broadway Assocs. LP v. 1 Mem'l Drive, LLC, 466 N.J. Super. 600, 610 (App. Div. 2021) (quoting Mountain Hill, L.L.C. v. Township of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008)).

III.

We begin by noting defendants do not challenge the validity of plaintiff's mortgage or standing to foreclose. Further, defendants do not dispute plaintiff served its notice of intention to foreclose in accordance with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -82. Defendants contend the judge erred in granting summary judgment because they did not default on the note. They posit that PHH misapplied the payments made under the loan modification. Specifically, defendants argue their January 2017 payment of $3,381 should have been applied as a March payment. Defendants' contentions are unsupported. The record demonstrates defendants received timely notice of the increased monthly amounts they owed to satisfy the necessary escrow funds for estimated taxes and insurance. Per the loan modification agreement, the first modification payment was due February 1. Per the "Off-Scheduled Escrow Statement," the increased monthly amount to satisfy the escrow shortage began March 1. Defendants failed to timely submit the adjusted loan payments.

We discern no error in the judge's finding that "PHH d[id] an escrow analysis" and appropriately determined there was an escrow shortage resulting in plaintiff's February notification that defendants' "monthly payment [wa]s changed." Further, as correctly found by the judge, the evidence demonstrates defendants' "check dated . . . January [30], 2017" for $3,381 was "for the

11

February payment." We concur with the judge's determination that there was no "misapplication of th[e] monies." We note defendants conceded receiving notice of the increased monthly amount owed and have offered no credible evidence to dispute their default. The record demonstrates PHH correctly credited the monthly payments defendants made, and the amounts they paid were deficient.

We also reject defendants' argument that the judge erred in fixing the amount of the final judgment. Defendants have failed to demonstrate a material issue of fact that they made an uncredited premodification payment. Again, the record does not support defendants' contention that the correct judgment amount due was $227,640.62. The unpaid principal balance alone was over $430,000 as evidenced by the loan modification documents defendants accepted in January 2017.

We conclude there are no genuine issues of material fact in dispute that defendants defaulted on their note. See Great Falls Bank v. Pardo, 273 N.J. Super. 542, 546 (App. Div. 1994) (citing Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993)). Plaintiff has also established all the essential elements for foreclosure. Ibid. Therefore, the judge properly granted plaintiff's motion for summary judgment, denied defendants' cross-motion to dismiss and

motion to fix the amount due, and entered an order granting a final judgment for $921,104.10.

To the extent not addressed, defendants' remaining contentions lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2.11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION