**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1223-22

THE BANK OF NEW YORK
MELLON TRUST COMPANY
NATIONAL ASSOCIATION, f/k/a
THE BANK OF NEW YORK
TRUST COMPANY N.A., AS
SUCCESSOR TO JP MORGAN
CHASE BANK N.A., AS TRUSTEE
FOR RESIDENTIAL ASSET
MORTGAGE PRODUCTS
INCORPORATED MORTGAGE
ASSET-BACKED PASS-THROUGH
CERTIFICATE SERIES 2005-RP3,

     Plaintiff-Respondent,

v.

JOANNE FABER,

     Defendant-Appellant,

and

MR. FABER, SPOUSE OF JOANNE
FABER, GERDA M. PADUKOW,
PETER CIPOLETTA and SHIRLEY
CIPOLETTA, CACH OF NJ LLC,
T&M ASSOCIATES and CAROLE
PALEY,

Defendants.

_____

Submitted December 17, 2024 – Decided April 23, 2025

Before Judges Susswein and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-041059-15.

Joanne Faber, appellant pro se.

Duane Morris, LLP, attorneys for respondent (Brett L. Messinger and Kassia Fialkoff, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendant Joanne Faber appeals from Chancery Division orders entered which denied defendant's cross-motion to dismiss and granted summary judgment and final judgment in favor of plaintiff Bank of New York Mellon Trust Company National Association (the Bank of New York).[1] After reviewing the record in light of the parties' arguments and

_____

[1] The Bank of New York filed this action, not in its individual capacity, but as successor to JPMorgan Chase Bank, NA as trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificate Series 2005 RP3. Apparently, before the trust acquisition, Washington Bank Mutual assigned the Mortgage to JPMorgan which was then reassigned on September 1, 2015 to the Bank of New York. For these reasons, we reference the Bank of New York as plaintiff throughout the opinion.

governing legal principles, we affirm substantially for the reasons set forth in the chancery court's thoughtful oral decisions.

We discern the following facts and procedural history from the extensive record developed in this protracted foreclosure litigation. On March 26, 2004, defendant executed a promissory note (the Note), secured by a mortgage, with Washington Bank Mutual, FA, wherein Washington Bank Mutual agreed to loan defendant $975,000 (the Mortgage). The Mortgage granted Washington Mutual Bank and its successors and assigns a security interest in defendant's residence located in Toms River, New Jersey (the Property). The Mortgage was recorded in the Ocean County Clerk's Office on April 7. Pursuant to the Note, defendant was required to make monthly payments beginning on May 1, 2004. The Note also provided that if on April 1, 2034 (the maturity date), defendant still owed amounts under the Note, she will pay those amounts in full on that date.

On May 30, 2002, defendant executed a second mortgage note secured by the Property to Gerda M. Padukow for $200,000 which was later recorded with the Ocean County Clerk's Office.[2]

---

[2] On March 3, 2017, on plaintiff's motion, the chancery court issued a consent order, declaring the Mortgage with defendant has first lien priority and plaintiff's defendant's mortgage with Padukow has second lien priority.

A-1223-22

On March 17, 2006, Litton Loan Servicing, L.P. (Litton) sent defendant a letter notifying her that the loan was in default, and it intended to accelerate the Note's maturity date if the default was not cured within thirty days. The letter noted the total amount needed to bring the loan current was $18,542.41. According to loan servicer PHH Mortgage Corporation's (PHH) business records, defendant then made a payment on April 17, bringing the Mortgage's due date forward through May 1. Those records also indicate that defendant has made no additional payments since.[3]

On August 11, 2006, JPMorgan filed a foreclosure complaint against defendant, which it amended on September 7, 2007, pleading defendant defaulted the Note due to non-payment. The chancery court issued an order granting a motion to compel production of documents in October.

In January 2008, the chancery court held oral arguments regarding defendant's motion for partial summary judgment to dismiss the foreclosure matter. At the hearing, defendant acknowledged that she signed the Note and defaulted:

> THE COURT: Let me pose a couple of questions so we
> have a record. . . . Is there any dispute you, in fact,
> executed [the] [N]ote and [the] [M]ortgage in the

---

[3] The mortgage company certified in filings that as of 2022, the sum owed was $1,943,173.74.

A-1223-22

amount of $975,000 to Washington Mutual Bank? There's no dispute as to that?

[Defendant]: No dispute whatsoever.

THE COURT: All right. And you signed [the] [N]ote?

[Defendant]: Yes.

THE COURT: And that was March 31, 2004, is the date of the instrument, correct?

[Defendant]: Yes.

THE COURT: Subsequently recorded on April 7[]. And there came a point in time when you defaulted under the terms by failing to make monthly payments. correct?

[Defendant]: Yes.

On February 13, 2008, the chancery court dismissed the 2006 foreclosure action without prejudice because of JPMorgan's failure to serve defendant with a notice of intention (NOI) to foreclose. The court ordered JPMorgan to send a NOI to defendant and her accountant, Alan Meyer, CPA, before initiating another foreclosure action. It also stayed JPMorgan from filing the new foreclosure action for sixty days after mailing a new NOI. So far as the record reflects, JPMorgan did not send a NOI to defendant. Subsequently, on September 13, 2013, the court entered an order dismissing the foreclosure matter without prejudice for lack of prosecution.

5

On May 14, 2014, PHH sent a letter on plaintiff's behalf to defendant of its intent to foreclose and indicating the total amount due was $610,181.23. As previously noted, on September 1, 2015, JPMorgan assigned the Mortgage to plaintiff. They recorded the assignment two days later at the Ocean County Clerk's Office.

On December 23, 2015, plaintiff filed a complaint for foreclosure against defendant which it amended on August 29, 2016 and again on October 6. The New Jersey Superior Court Clerk sent a notice of improperly filed document which plaintiff received on October 20, stating that plaintiff's documents are being returned "as received not filed."

On August 4, 2017, the chancery court ordered summary judgment in plaintiff's favor. Just the day before the court entered this order, defendant filed for removal to federal court. Ultimately, the United States District Court for the District of New Jersey granted plaintiff's motion to remand the case back to the state court on April 6, 2018.

The chancery court held oral arguments on October 16, 2020 regarding the parties' competing summary judgment motions. The court explained at the start that previously it mistakenly granted summary judgment as unopposed

when in fact there had been an adjournment request. Thus, the court vacated the mistakenly issued order.

In July 2020, plaintiff filed for summary judgment, which defendant opposed. In response, defendant filed a cross-motion for summary judgment. Plaintiff filed a reply brief along with a supplemental certification by PHH employee Sergio Olmo (the Olmo certification) pertaining to defendant's re-default and the claimed reinstatement amount. The Olmo certification, which was based on PHH's business records, attested to defendant's payments in April 2006 that cured default, defendant's re-default in May 2006 and her failure to pay installments thereafter. In addition, the Olmo certification confirmed the reasons for dismissal of the prior foreclosure action in 2009, the 2014 NOI that was sent to defendant, and plaintiff's ensuing foreclosure action was "based upon [d]efendant's continued failure to pay the installments on and after May 1, 2006."

At oral argument heard on December 4, 2020, defendant argued that there is no default because she cured it in 2006—a circumstance, she asserted implicates res judicata, the entire controversy doctrine, and collateral estoppel. Defendant acknowledged this is a "unique" case but further contended the 2006 documents that plaintiff submitted were "insufficient[.]" Defendant also alleged

that the Olmo certification was "fraud[,]""baseless perjury[,]" and "cannot be cross[-]examined" because, though Olmo claimed to review PHH's business records, documents from earlier litigation allegedly show that those records did not exist.

In response to defendant's arguments, plaintiff argued there was no final adjudication on the merits as defendant re-defaulted after the April 2006 cure. Plaintiff further argued:

> [T]his really comes down to whether or not [defendant] defaulted back in 2006 as alleged. We have a certification—we have now two certifications from [plaintiff] based upon their review of the business records that includes the detailed transaction history and the payment reconciliation history. We have nothing from [defendant] that actually refutes that. In fact, everything that [defendant] provided in terms of proofs of payment were actually reflected in those payment histories and show that they were received and applied, but after they were received and applied what ended up happening was [defendant] after curing the default in April . . . 20[0]6 re[-]defaulted for failure to pay the May 1[], 2006 installment and all further installments.

The chancery court denied defendant's cross-motion, dismissed defendant's counterclaims, granted plaintiff's motion for summary judgment, and returned the matter to the Office of Foreclosure to proceed as an uncontested foreclosure.

A-1223-22

Twenty days later, defendant filed a motion to reconsider the summary judgment order and a motion to add a third party. A hearing on those motions and plaintiff's third-party motion to quash the subpoena of Olmo was held on February 19, 2021. The chancery court denied defendant's motion to reconsider that same day and granted the motion to quash the subpoena because defense counsel failed to properly serve Olmo pursuant to Rule 1:9-4.

Plaintiff filed a motion for final judgment with the Office of Foreclosure on August 15, 2022.

On September 9, defendant filed a cross-motion to vacate the summary judgment order. Due to a clerical error, the chancery court entered an order ten days later, granting final judgment in plaintiff's favor while under the impression the motion was uncontested. Defendant raised this issue, and on September 26, the court vacated the final judgment order and scheduled the matter for a hearing.

On November 4, the chancery court held oral argument on plaintiff's motion for final judgment and defendant's motion to vacate and convene a plenary hearing. Defendant argued that there were differences in the amounts owed for the principal and interest from what is stated in the final judgment order, asserting:

[F]or the final judgment it claims that an unpaid principal balance of $987,603.21 is the amount due with then a total of $1,943,173.74, as well.

All of these numbers are incorrect and you don't need to look any further than simply looking at their [NOI] that was set out prior to this case being filed.

The [NOI] specifically said that what was actually due—which, again, we still think it's high—but what was actually due was $610,181.23, which at the time was supposed to be principal and interest. . . .

Defendant also asserted that there was an overage for the escrows, plaintiff did not show default, and she made payments after April 2006 and even overpayments, referring to a CPA report that allegedly confirms that claim. She argued there were issues with the Olmo certification because when defendant attempted to subpoena Olmo, she received documentation indicating he did not work there. Defendant also claimed there were several notes and that a line item in the final judgment was different from those reviewed in-person.

The chancery court reviewed the 2006 foreclosure decisions and its own summary judgment decision. The court also considered defendant's failure to come forward with alternative proof, her specific challenges, and calculations that might call into question the appropriateness of the final judgment. It thereupon denied defendant's cross-motion and reinstated the September 19, 2022 final judgment.

A-1223-22

This appeal followed. Defendant raises numerous contentions for our consideration, including that plaintiff lacks subject matter jurisdiction; plaintiff has "no legal foundation" to bring a foreclosure case due to accelerated maturity date of the Note and Mortgage; plaintiff has no right to bring this matter due to the Note's six year statute of limitations; the chancery court violated defendant's constitutional rights under Procedural and Substantive Due Process Clause, the Equal Protection Clause, and her civil liberties and rights pursuant to Article I of the New Jersey Constitution; the court violated her rights under the Fourteenth Amendment's Takings Clause; and the court erroneously granted summary judgment because defendant presented disputed material facts.

Defendant's assertions are not supported by the record and her claims of insufficiency do not create a genuine dispute of material fact. See Rule 4:46-2(c). The record supports the chancery court's conclusion that there was proper execution of the Note, an assignment of that Note to plaintiff, defendant's default, and standing through assignment and timely possession of the Note before plaintiff filed the foreclosure claim. Additionally, in an action to foreclose a mortgage, the only material issues are "the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." N.Y. Mortg. Trust 2005-3 Mortg.-Backed Notes, U.S.

11

Bank Nat'l Ass'n as Trustee v. Deely, 466 N.J. Super. 387, 397 (App. Div. 2021) (quoting Invs. Bank v. Torres, 457 N.J. Super. 53, 65 (App. Div. 2018), aff'd and modified, 243 N.J. 25 (2020)).  We concur that defendant has failed to demonstrate a genuine issues of material fact in dispute barring summary judgment.  See Great Falls Bank v. Pardo, 273 N.J. Super. 542, 546 (App. Div. 1994) (citing Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993).  We therefore have no basis upon which to overturn the chancery court's decisions.  Defendant's contentions to the contrary lack sufficient merit to warrant further discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1223-22