**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3312-23

U.S. BANK TRUST, N.A.
as TRUSTEE for LSF9
MASTER PARTICIPATION
TRUST,

     Plaintiff-Respondent,

v.

JORGE BUSTOS,

     Defendant-Appellant.

_____

     Submitted September 10, 2025 – Decided September 17, 2025

     Before Judges DeAlmeida and Torregrossa-O'Connor.

     On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-004395-19.

     Jorge Bustos, appellant pro se.

     Stern & Eisenberg, attorneys for respondent (Christian Miller, on the brief).

PER CURIAM

Defendant Jorge Bustos appeals from the May 10, 2024 Chancery Division order denying his motion to vacate the final judgment in this residential mortgage foreclosure matter and set aside the sale of the property securing the mortgage.  We affirm.

I.

On March 10, 2006, defendant executed a $328,000 note in favor of Countrywide Home Loans, Inc. (Countrywide).  He secured the note by executing a mortgage on residential property in Dover to a nominee acting on behalf of Countrywide.  Plaintiff U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust later became an assignee of the mortgage.

Defendant defaulted on the note and mortgage on October 1, 2018, by failing to make a scheduled payment.  On March 5, 2019, after defendant's continued to default on the mortgage and note, plaintiff filed a foreclosure complaint in the Chancery Division.  Although defendant was served with the complaint, he did not file an answer.

On April 19, 2019, the court entered default against defendant.  On July 5, 2019, the Office of Foreclosure entered an uncontested order of final judgment and writ of execution in favor of plaintiff.

A Sheriff's sale of the mortgaged property was scheduled to take place on August 29, 2019. After a series of delays resulting from defendant filing a bankruptcy petition and the COVID-19 pandemic, the sale was scheduled for January 6, 2022.

On December 3, 2021, a notice the sale was scheduled for January 6, 2022, was sent to defendant and his unidentified spouse by regular mail and certified mail, return receipt requested at the mortgaged property. The notice stated "[n]o further notice is required to be provided by" plaintiff and it was defendant's "responsibility to contact the County Sheriff and to review the Sheriff's online listings to determine whether the above sale date has been adjourned." A certified mail return receipt confirms delivery of the notice to the mortgaged property on December 6, 2021. The regular mail was not returned, creating a presumption of delivery.

On January 6, 2022, the mortgaged property was sold at the Sheriff's sale to plaintiff for $321,000. A deed conveying the property was delivered to plaintiff on April 28, 2022, and recorded on June 2, 2022. On July 15, 2022, defendant sent plaintiff's attorney a letter in which he admitted he received notice the property was sold to plaintiff at the Sheriff's sale. Plaintiff obtained a writ of possession for the property on July 29, 2022.

Defendant subsequently filed a second bankruptcy petition and obtained a stay of the eviction proceedings. On November 22, 2022, the bankruptcy court entered an order vacating the stay and allowing plaintiff's eviction proceedings to resume.

On April 22, 2024, defendant moved to vacate the July 5, 2019 judgment of foreclosure based on alleged fraud and theft by deception, presumably by plaintiff. Defendant provided no details supporting his allegations.

On May 10, 2024, the motion court issued a written decision denying the motion. The court found defendant failed to demonstrate excusable neglect for his failure to respond to the foreclosure complaint or a meritorious defense to the allegations in the complaint. Thus, the court found he was not entitled to an order vacating the final judgment.

In addition, the court concluded defendant did not establish he was entitled to relief from the final judgment under either Rule 4:50-1(d) or (f). The court found defendant did not establish a defect in the final judgment rendering it void or any other reason to vacate the final judgment.

The court also concluded defendant did not establish fraud, accident, surprise, or mistake justifying the court's exercise of its equitable authority to set aside the Sheriff's sale. See First Trust Nat'l Assoc. v. Merola, 319 N.J.

Super. 44, 49 (App. Div. 1999). The court found that "while [d]efendant generally alleges that [p]laintiff committed fraud in connection with the [S]heriff's sale, [he] failed to provide evidence to support such allegation."

Finally, the court found defendant did not object to the sale within ten days after the sale as required by Rule 4:65-5. The court found that defendant received notice of the sale on December 6, 2021, and was not persuaded by defendant's argument the Morris County Sheriff's webpage stated the January 6, 2022 sale had been adjourned. The court noted the website states its property sales listings are "general summary information" and that the "Sheriff's Office does not warrant the accuracy, completeness, or timeliness of the information." A May 10, 2024 order memorialized the motion court's decision.

This appeal followed. Defendant argues the motion court erred because he was not seeking to vacate the final judgment, but to reopen the foreclosure matter to prove fraud and theft by deception discovered by him within the statute of limitations established in N.J.S.A. 2A:14-1 and N.J.S.A. 2C:1-6(b).

II.

When a court has entered a final default judgment, the party seeking to vacate the judgment must do so pursuant to Rule 4:50-1. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Rule 4:50-1 provides in relevant part:

> [o]n motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order.

The rule is designed "to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Mancini v. EDS, 132 N.J. 330, 334 (1993).

"A defendant seeking to set aside a default judgment must establish that his failure to answer was due to excusable neglect and that he has a meritorious defense." Goldhaber v. Kohlenberg, 395 N.J. Super. 380, 391 (App. Div. 2007). "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Guillaume, 209 N.J. at 468.

An order deciding "an application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." United States v. Scurry, 193 N.J. 492, 502 (2008). We find an abuse of discretion when a decision is "'made without a rational explanation, inexplicably departed from established policies, or rested on an

impermissible basis.'" Guillaume, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Defendant's brief does not address Rule 4:50-1 or identify the subsection of the rule on which he relies. He provides no explanation for his failure to answer the complaint or the nearly five-year delay in seeking relief from the July 5, 2019 final judgment.

Nor does defendant offer a meritorious defense to the foreclosure complaint, other than to argue, without evidentiary support, that he "found" on an unspecified date "[f]raud and [t]heft [b]y [d]eception" presumably by plaintiff. Defenses to a foreclosure are narrow. "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to" foreclose on the property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 547 (App. Div. 1994). Defendant offers no evidence of these bases for invaliding the final judgment. We therefore agree with the motion court's conclusion defendant did not establish he was entitled to relief from the final judgment under Rule 4:50-1.

We turn to defendant's challenge to the sale of the property. It is well-settled that the trial court has the authority to set aside a Sheriff's sale and order

7

a resale of the property. Merola, 319 N.J. Super. at 49. The "exercise of this power is discretionary and must be based on considerations of equity and justice." Ibid. "[A] judicial sale may be set aside 'by reasons of fraud, accident, surprise, or mistake, irregularities in the conduct of the sale'" and the like. Ibid. (quoting Karel v. Davis, 122 N.J. Eq. 526, 528 (E. & A. 1937)). We defer to such decisions in the absence of a misconception of applicable law. O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997).

Having reviewed the record, we agree with the court's conclusion defendant's motion to set aside the sale was untimely and substantively meritless. An objection to a Sheriff's sale must be filed within ten days after the sale. R. 4:65-5. The record establishes defendant was provided notice of the sale on December 6, 2021. Although he claims the Sheriff's Office website stated the January 6, 2022 sale had been adjourned, defendant admitted in a July 15, 2022 letter plaintiff informed him it obtained title to the property at the January 6, 2022 sale. Defendant waited a year and nine months after that notice to move to set aside the sale. Thus, even accepting defendant's argument he believed the sale had been adjourned, his objection to the sale was untimely.

In addition, the trial court acted within its discretion when it concluded defendant produced no evidence justifying entry of an order setting aside the

sale on equitable grounds. We agree that defendant's vague allegation he uncovered fraud and theft by deception was insufficient to disturb the sale of the property, which took place more than three years after defendant stopped making payments on his mortgage, and after defendant failed to respond to the foreclosure complaint or offer any defense to foreclosure on the mortgage.

We are not persuaded by defendant's argument he did not move to vacate the July 5, 2019 judgment but only requested the motion court "reopen" the foreclosure action. Defendant overlooks the fact the foreclosure action was resolved in favor of plaintiff through entry of the July 5, 2019 judgment. That judgment led to the January 6, 2022 sale of the property and transfer of title to plaintiff. The foreclosure action cannot be reopened to permit plaintiff to pursue any claims against plaintiff without the court vacating the July 5, 2019 judgment and setting aside the January 6, 2022 sale of the property. The motion court's decision that defendant is not entitled to such relief is well supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9