**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2238-24

NATIONSTAR MORTGAGE LLC,

    Plaintiff-Respondent,

v.

DEMI TURNER, his heirs, devisees
and personal representatives, and
his/her, their, or any of their
successors in right, title, and interest,

    Defendant-Appellant,

and

ANTOINETTE JOHNSON-TURNER,
her heirs, devisees and personal
representatives, and his/her, their, or any
of their successors in right, title, and
interest, MRS. TURNER, wife of Demi
Turner, MR. TURNER-JOHNSON,
husband of Antoinette Turner-Johnson,
PROGRESSIVE GARDEN STATE
INSURANCE, individually and as
subrogee of AMANDA M. LOPEZ,
STATE OF NEW JERSEY and UNITED
STATES OF AMERICA,

    Defendants.

_____

Submitted April 29, 2026 – Decided May 15, 2026

Before Judges Gummer and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-001793-24.

Demi Turner, self-represented appellant.

Frenkel Lambert Weisman & Gordon, LLP, attorneys for respondent (Timothy Ziegler, on the brief).

PER CURIAM

In this residential-mortgage foreclosure action, defendant Demi Turner (defendant) appeals from an August 28, 2024 order[1] granting summary judgment to plaintiff Nationstar Mortgage LLC, a January 17, 2025 order denying his motion for reconsideration, and a February 18, 2025 final judgment of foreclosure. Having reviewed the record, the parties' arguments, and applicable law, we affirm all orders on appeal.

I.

On March 03, 2007, defendant and Antoinette Johnson-Turner executed a

---

[1] In his notice of appeal, defendant indicated he was appealing from an August 30, 2024 order. Given the record, we understand he meant the August 28, 2024 order.

note to repay Homebridge Mortgage Bankers Corp. d/b/a Refinance.com (Refinance) a $480,000.00 loan to purchase real property in West Orange, New Jersey (the property). Defendant and Johnson-Turner then executed a mortgage on the property with Refinance (the mortgage). The mortgage was recorded on March 14, 2007. Refinance assigned the mortgage to Bayview Loan Servicing, LLC (Bayview), and that assignment was recorded.

On February 27, 2020, defendant and Johnson-Turner executed a loan-modification agreement revising the interest rate, monthly payment amount, maturity date and principle balance owed. It is undisputed defendant and Johnson-Turner defaulted in May 2020 and made no further payments under the modified mortgage terms.

On June 25, 2022, Bayview assigned the mortgage to plaintiff. The assignment was recorded four days later. On October 31, 2023, plaintiff sent a notice of intent to foreclose (NOI), by certified mail, return receipt requested, and by regular mail, to defendant's last known address and to the address of the mortgaged property.

In February 2024, plaintiff filed a foreclosure complaint in the Chancery Division. Only defendant filed a contesting answer. Among other denials and affirmative defenses, defendant contended plaintiff lacked standing to foreclose

A-2238-24

on the mortgage and asserted he had not received plaintiff's NOI.

A few months later, plaintiff moved for summary judgment. Defendant did not oppose the motion. On August 28, 2024, the judge entered an order, accompanied by a statement of reasons, granting summary judgment to plaintiff, striking defendant's answer with prejudice and entering default. The order permitted plaintiff to move for entry of an uncontested final judgment pursuant to Rule 4:64.

In November 2024, defendant moved for reconsideration. After oral argument, the judge denied the motion in a January 17, 2025 order. Although defendant contended the parties had executed a "forbearance agreement," he did not provide the judge with a copy of that document or any certification as to its purported terms.[2]

While defendant's reconsideration motion was pending, plaintiff moved to enter a final judgment of foreclosure. The judge adjourned that motion to February 14, 2025, to allow defendant to file opposition. However, defendant neither filed written opposition to plaintiff's motion nor appeared at oral argument to contest the entry of final judgment. On February 18, 2025, the judge entered a final judgment of foreclosure.

---

[2] Nor is a copy of any "forbearance agreement" in defendant's appendix.

Defendant argues on appeal the judge erred in granting plaintiff summary judgment, denying his motion for reconsideration and entering a final judgment of foreclosure. Defendant contends the judge did not consider his forbearance argument and erroneously concluded plaintiff's NOI comported with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68.

II.

We review an order granting a summary judgment motion de novo, applying the same standard used by the trial court. Boyle v. Huff, 257 N.J. 468, 477 (2024). Our review "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Media Pharm, Inc., 247 N.J. 1,13 (2021) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c).

We review the entry of a final judgment of foreclosure for abuse of discretion. Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018). The same standard governs our review of an order

deciding a reconsideration motion. In re Est. of Jones, 477 N.J. Super. 203, 216 (App. Div. 2023); see also Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)) ("An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'") (internal quotation marks omitted).

III.

Applying these standards, we affirm each of the orders defendant appeals. In moving for summary judgment, plaintiff established it had standing to foreclose through submission of a Rule 1:6-6-compliant certification of a witness with personal knowledge, the note defendant had signed, the recorded mortgage and the assignment to plaintiff. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Because "[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to resort to the mortgaged premises," we discern no error with the judge's order granting summary judgment. Inv'rs Bank v. Torres, 457 N.J. Super. 53, 65 (App. Div. 2018) (quoting Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div.

6

1993), aff'd, 273 N.J. Super. 542, (App. Div. 1994)).  Defendant failed to meet his burden as a mortgagor opposing plaintiff's summary judgment motion to present facts controverting the mortgagee's prima facie case.  Spiotta v. William H. Wilson, Inc., 72 N.J. Super. 572, 581 (App. Div. 1962).

We are unconvinced by defendant's argument that plaintiff did not serve a statutorily compliant NOI.  In U.S. Bank National Association v. Guillaume, 209 N.J. 449, 470 (2012), our Supreme Court explained:  "The [NOI] is a central component of the FFA, serving the important legislative objective of providing timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure."  The FFA requires a residential mortgage lender to send a NOI to foreclose to the defaulting borrower before filing a complaint.  See N.J.S.A. 2A:50-56(a); EMC Mortg Corp. v. Chaudhri, 400 N.J. Super. 126, 137 (App. Div. 2008).  The FFA provides the NOI must be "sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage."  N.J.S.A. 2A:50-56(b).  The plain statutory language states:  "[t]he notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party."  N.J.S.A. 2A:50-56(b).

Plaintiff established it sent a NOI to defendant in the manner required under the FFA. Plaintiff's certification and appended postal tracking demonstrated plaintiff sent the NOI on October 31, 2023, by certified mail, return receipt requested, and by regular mail to defendant at the address of the mortgaged property and to his last known address. Contrary to defendant's argument, the FFA does not require proof of receipt of the NOI—the statute requires only proof of mailing. Thus, we are unpersuaded plaintiff erred in complying with the FAA's notice requirement.

Plaintiff faults the court for not examining the purported forbearance agreement. Given the absence of a forbearance agreement in the record before the court, we do not perceive any error on this basis.

To the extent we have not otherwise addressed plaintiff's arguments, it is because they do not merit discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2238-24